ALPHONSO WILLIAMS, Plaintiff

v.

ARTHUR ABEL and REUBEN WEATLEY, Commissioner of Finance of the Government of the Virgin Islands, Defendant

No. 199-1968

District Court of the Virgin Islands

Div. of St. Croix

March 4, 1969

FRANK PADILLA, ESQ., *for plaintiff*

FELIX A. BELLO, Assistant Attorney General, *for defendant Wheatley*

MERWIN & SPENCER, ESQS. (JOHN MERWIN, ESQ.), *for defendant Abel*

MARIS, *Circuit Judge*

OPINION

In this case Alphonso Williams has brought suit against Arthur Abel and Reuben Wheatley, Commissioner of Finance of the Government of the Virgin Islands for a declaratory judgment that the tax sale of a certain parcel of real property, No. 26 of Estate Wheel of Fortune, Parcel Smithfield, in the West End Quarter of St. Croix, which took place on June 9, 1967, and at which the defendant Arthur Abel became the purchaser for the sum of $400, should be declared null and void.

It appears that in the year 1963 one Rhenita Thomas Williams was the owner of this parcel. It further appears that she was also known as Lucille Williams, that she was the wife of the plaintiff Alphonso Williams and that she is now deceased, leaving her husband, Alphonso Williams, surviving her, who for the purposes of this suit may be regarded as having an interest in her property.

The sale of this property was made by the marshal of the municipal court following notice of an auction sale for nonpayment of real property tax which was advertised in the West End News on June 4, 1967, and which listed the properties which were to be sold for nonpayment of real

147

property taxes for the calendar year 1963, among other years. Under the heading of the year 1963 there was listed in the notice of sale the property, 26 Wheel of Fortune, the owner being given in the notice as Thomas Williams and the parcel number as 2-07610-0306.

Following the sale a certificate of purchase was issued by the marshal to the defendant, Arthur Abel, for No. 26 Wheel of Fortune, Parcel No. 2-07610-0306, the certificate stating that the real property had been sold for the nonpayment by the owner thereof, Rhenita Thomas Williams, of taxes in the amount of $16.50 and penalties of $2, for the year 1963.

The statutes of the Virgin Islands with respect to the levy and collection of real estate taxes and the sale of real property because of the nonpayment of taxes impose certain procedural requirements for the collection of taxes and the conduct of tax sales. These all appear in Title 33 of the Virgin Islands Code. Section 2495(b) of that title provides that notices with respect to the collection of taxes "shall be published by the Commissioner of Finance, three times in all newspapers of general circulation in the Virgin Islands, and shall be posted in frequented public places in the Virgin Islands, not later than the first day of the month in which the tax is to be collected." From the evidence in this case I find that no such notice was published or posted with respect to taxes for the year 1963.

Section 2496 provides that "Within 60 days after the date on which taxes become delinquent the tax assessor shall prepare a list of delinquent taxpayers showing the assessment of the property upon which taxes are due and unpaid and the amount of taxes due thereon, and shall append to such list a notice stating that, unless said delinquent taxes," with interest, "are paid within a period of 30 days from the date of said notice, the property of said taxpayer will be attached and sold in the manner provided"

by law. One copy of the list was to be sent to the Government Secretary and copies thereof were to be published in the manner provided for by Section 2495(b), to the provisions of which I have already referred. From the evidence I find that no such list of delinquent taxpayers for the year 1963 was prepared or published or posted as required by law.

The law then provides in Section 2541 that "The Commissioner of Finance, by written order of attachment to the marshal of the municipal court, shall proceed to collect by the attachment and sale of the property of the delinquent taxpayer, any taxes which are not paid within the period prescribed in Section 2496." I find in this case that the Commissioner of Finance presented to the marshal of the municipal court a written order of attachment with respect to delinquent taxes on the property in question, 26 Wheel of Fortune, owned by Rhenita Thomas Williams, for the year 1964. But there is no evidence that any such order of attachment with respect to this property was issued by the Commissioner the year 1963, the year with respect to which the property was actually sold for taxes.

Section 2541 further provides that "The marshal of the municipal court, immediately upon receipt of the written order from the Commissioner of Finance, shall make out a written notice of attachment of the real property of the delinquent taxpayer" and shall serve it upon the owner or post it upon the property and after making such levy shall affix to the notice a certificate containing the name of the taxpayer, the assessed value of the property, the amount of taxes and a description of the property attached and record this certificate in the office of the recorder of deeds. There is no evidence that any of this was done with respect to this property so far as concerns the delinquent tax for the year 1963. As I have said, the marshal gave

notice of the sale at which he offered this property at public sale for delinquent taxes for the year 1963, the notice being defective, however, in that it incorrectly stated the name of the owner to be Thomas Williams; that following the sale the marshal issued the certificate of purchase to which I have already referred, which, however, stated that it involved property sold at public auction on the 9th day of June 1965, whereas the evidence is clear that in this case the sale was on the 9th day of June, 1967.

I think enough has been said to indicate that the procedure in this instance was replete with errors and omissions, and that the provisions of the statutes were largely observed by their breach.

 It is well settled that statutes authorizing and regulating tax sales must be strictly construed in favor of the owner of the land. 85 C.J.S. Taxation § 745. The statutory requirements for the publication of delinquent tax lists must be strictly followed if there is to be a valid sale. Martin v. Barbour, 140 U.S. 634; 51 Am. Jur. Taxation § 1027; 85 C.J.S. Taxation § 764. No valid sale can be made without a valid warrant or order of attachment where the statute requires it. 85 C.J.S. Taxation § 786. And the failure of the notice of sale to comply strictly with the requirements of the statute is fatal to the validity of the sale. 85 C.J.S. Taxation § 793. Thus it has been held that the name of the owner of the property to be sold must be accurately stated in the notice of the sale, otherwise the proceeding is null and void. Marx v. Hanthorn, 148 U.S. 172; 51 Am. Jur. Taxation § 1037; Annotation 43 A.L.R.2d 969.

 In the present case no delinquent tax list was prepared or published, no order of attachment of the property in question was issued by the Commissioner of Finance for the taxes of 1963, and the notice of sale did not accurately

state the name of the owner of the property. I am compelled to conclude, therefore, that the tax sale in this case was utterly void and that the certificate of purchase issued by the marshal gave no title to the purchaser, the defendant, Arthur Abel. The plaintiff is entitled to a judgment so declaring. The judgment will award costs and a counsel fee of $500.00 to the plaintiff against the defendant Reuben Wheatley, Commissioner of Finance. The judgment will also contain a direction that the defendant Reuben Wheatley, Commissioner of Finance, refund to the defendant Arthur Abel the sum of $400.00 paid by him at the sale, together with interest to date of payment.