ALPHONSO WILLIAMS

v.

ARTHUR ABEL and REUBEN WHEATLEY,
Commissioner of Finance

Civil No. 199-1968

District Court of the Virgin Islands
Div. of St. Croix

May 5, 1969
*See, also, 7 V.I. 146*

LEADER & PADILLA (FRANK PADILLA, ESQ., of counsel),
   *for plaintiff*

JOHN D. MERWIN, ESQ., *for defendant Abel*

ATTORNEY GENERAL, *for defendant Wheatley*

MARIS, *Circuit Judge*

OPINION

MARIS, *Circuit Judge*

█ In this suit for a declaratory judgment that a certain tax sale to the defendant Arthur Abel of real property owned by the plaintiff was null and void, judgment was entered in favor of the plaintiff, 7 V.I. 146. The judgment directed, inter alia, that the defendant Reuben Wheatley, Commissioner of Finance of the Government of the Virgin Islands, pay the plaintiff's costs and an attorney's fee. The Government of the Virgin Islands is obligated to pay these costs and attorney's fee since the individual defendant Reuben Wheatley was defending the suit in his official capacity as Commissioner of Finance and is not personally liable for the costs. 67 C.J.S. Officers § 132(e); 14 Am. Jur. Costs § 37. The Government has moved for an amendment of the judgment to eliminate the imposition upon it of the plaintiff's costs and attorney's fee. The motion must be denied.

█ The Government of the Virgin Islands was subject to suit in this court in this case which is an action equitable in nature and not sounding in tort. Southerland v. St. Croix Taxicab Association, 3 Cir. 1963, 4 V.I. 397, 408–409, 315 F.2d 364, 369. Being thus subject to suit,

it is also subject to an award of costs to the prevailing party in the discretion of the court, unless there is a statute or rule of law to the contrary. I find neither. On the contrary, a sound public policy, as evidenced by a recent Act of Congress authorizing the award of costs against the United States in civil cases,[1] demands that the Government be treated as any other suitor in a suit to which it, or its officer, is properly a party. I am confirmed in this view by the opinion of the Court of Appeals in Collins v. Government of the Virgin Islands, 3 Cir. 1966, 5 V.I. 622, 636, 366 F.2d 279, 286, which clearly indicated that, if the plaintiff in that case was successful in his second trial, the district court, in its discretion could award him costs, including attorney's fees, against the Government.

The motion will be denied.

---

[1] Act of July 18, 1966, Pub. L. 89–507, § 1, 80 Stat. 308, amending 28 U.S.C. § 2412.