**SHREE RAM NAYA SABHA, INC. (HINDU ASSOCIATION)
DIAH SINGH and BALKUMARIE SINGH, Plaintiffs**

**v.**

**CHRISTIAN HENDRICKS and LEROY A. QUINN,
COMMISSIONER OF FINANCE, VIRGIN ISLANDS
DEPARTMENT OF FINANCE, Defendants**

Civil No. 1979/177

District Court of the Virgin Islands

Div. of St. Croix

July 14, 1982

THOMAS ALKON, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

JOANN WEBB ANDERSON, ESQ., Department of Law, Christiansted, St. Croix, V.I., *for defendant Government of the Virgin Islands*

ALBERT A. SHEEN, ESQ., Christiansted, St. Croix, V.I., *for defendant Hendricks*

KENNETH R. LINDQUIST, ESQ., Christiansted, St. Croix, V.I., *for defendant Lindquist*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Plaintiffs, who claim ownership of Plot 99A of Estate La Grande Princesse, St. Croix, a vacant lot, failed to pay 1975 and 1976 real property taxes on the property. The Government of the Virgin Islands (the "Government") sold the property for the delinquent taxes to defendant Hendricks, who in turn sold the property to defendant Lindquist. Plaintiffs brought this action to have the tax sale and Certificate of Purchase issued thereon declared void.

The matter is before the Court on cross motions for summary judgment by the plaintiffs and for dismissal of the action by the defendant Lindquist.

Because the Court finds that the procedure followed by the Government in this instance was fatally defective, plaintiffs' motion for summary judgment will be granted and the tax sale will be declared void.

### 1. FACTS

After failure by plaintiffs to pay the 1975 and 1976 property taxes, the plot in question was sold by the Government at auction on November 16, 1977. None of the parties dispute the procedures followed by the Government in advertising the sale or the conduct of the sale. On March 14, 1978, a Certificate of Purchase was recorded in favor of defendant Hendricks, and he, in turn, sold the property to the defendant Lindquist.

It is undisputed that on or about July 29, 1977, in advance of the sale date, George F. Farchette, an employee of the Department of Finance, attempted to serve a notice of attachment on the owners of Plot 99A. The only address for the owners was a post office box at the Sunny Isle substation. Mr. Farchette did not mail the notice to the post office box listed. He did visit the property and noted that both adjoining properties were also vacant lots. He then nailed the notice to a tree in full view of the public road.

From the record, the action described by Mr. Farchette constitutes the sole effort at notification to the property owner.

### II. DISCUSSION

The plaintiffs argue that the notification was faulty, in that the notice was not left with two neighbors as required by law. The

218

applicable statute in this case is 33 V.I.C. § 2541(b),[1] which requires that "when the debtor, a member of the debtor's family or attendants cannot be found" the Government must leave the notice with two neighbors. If neighbors, willing to serve as witnesses to the notice, cannot be found, the notice must then be posted on the property and is considered served on the owner.

 Given the harsh effect which tax sales have upon the owners of property, courts have held that the procedural steps to attach the property for nonpayment of taxes should be strictly followed. As Judge Maris wrote in Williams v. Abel and Wheatley, 7 V.I. 146, 150 (D.V.I. 1969), "It is well settled that statutes authorizing and regulating tax sales must be strictly construed in favor of the owner of the land." For the same reason, it is the defendant purchasers who bear a great burden in cases of this nature, for they must establish to the Court's satisfaction that the intended procedure was in fact followed. Rivera v. Government of the Virgin Islands, 13 V.I. 42, 46–47 (D.V.I. 1976).

██ The procedure for service on two neighbors or the posting of the notice is required *only* if the property owner or his relatives or attendants cannot be found. Thus, direct service on the owner is still required if the Government has a method of finding that owner. In this case, the affidavit of Mr. Farchette submitted on behalf of the defendants clearly shows Mr. Farchette was possessed of a mailing address, yet never sent any notice to that address. To the Court, this failure is uncontrovertible proof that the Government did not exhaust all efforts to find the owner. Having failed in that regard, the Government could not fall back on other notice alternatives described above. In Rivera, supra, the notice was held defective even where there had been a mailing, and the notice was returned undelivered.

██ In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950), the Supreme Court held:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reason-

---

[1] Section 2541(b) provides in pertinent part:

When the debtor, a member of the debtor's family or attendants cannot be found, the Director shall leave the notice with two neighbors of the debtor who shall be witnesses of the service of the notice, or, if no witnesses can be found willing to receive the notice, then the notice shall be posted on or attached to the property of the debtor, whereupon the notice shall be considered as being served upon the debtor. 33 V.I.C. § 2541(b) (Supp. 1981).

ably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

The Supreme Court in Mullane also discussed the governmental sale of real property for nonpayment of taxes, and suggested that an owner will usually leave "a caretaker under a duty to let him know that it is being jeopardized" and thus, notice to the property is adequate. Id. at 316. However, in the case at issue, where the property is vacant land and the owner has given the Government a mailing address, there cannot be an application of the "caretaker" theory.

Alternatively, the Mullane Court stated, use of the mails is frequently an approved method of placing a person on notice that his ownership or claim to property is in jeopardy. "However, it may have been in former times, the mails today are recognized as an efficient and inexpensive means of communication." Mullane, id. at 319.

■ This course of action was recommended, even required, in Greene v. Lindsey, 50 U.S.L.W. 4483 (May 17, 1982), which is analogous to the case at bar. The Supreme Court in Greene held that posting of a notice on the door of an occupied apartment, to give the tenants therein the required notice of eviction, was not sufficient. We agree with, and adopt, the Supreme Court's holding which recognized that:

> [W]here an inexpensive and efficient mechanism such as mail service is available to enhance the reliability of an otherwise unreliable notice procedure, the State's continued exclusive reliance on an ineffective means of service is not notice "reasonably calculated to reach those who could easily be informed by other means at hand." Greene, supra at 4486, citing Mullane, supra at 319.

Since the Greene decision involved notice to a tenant for eviction purposes, its force and effect is even stronger when applied to the requisite notice which must be given to an owner of a vacant piece of real estate.

The cases cited in this opinion have consistently faulted the types of notice procedure contained in 33 V.I.C. § 2541(b). More specifically, the two Supreme Court cases discussed above have found them unconstitutional, as violative of the Fourteenth Amendment requirement that no one may be deprived of property without due process.

220

This is so where there is no greater effort to notify a person affected than by posting a notice on the property itself.

■■ Thus, we find that in order for 33 V.I.C. § 2541(b) to meet the constitutional standard, one must read into the statute a further requirement. It is that, as part of the search for the owner, the mails must be utilized as an additional method of notice if direct personal service is unsuccessful. Since an address was, in fact, available, and the mails were not used to send a notice to that address, the Court concludes that this did not give the property owner adequate notice of the proceedings, and thus deprived the owner of property without the due process of law required by the Fourteenth Amendment.

### III. LACHES

■ In her answer to the complaint, defendant Lindquist asserted the affirmative defense of laches. The assertion is not accompanied by any allegations, and her motion is devoid of any mention of this defense. The complaint in this action was filed in August 1979, only nine months after the property owner's right of redemption expired. The sale took place in November 1977, and 33 V.I.C. § 2581 provides that the redemption period runs for one year from the date of the tax sale. The Court finds that this is not such a lengthy period of delay as would require a dismissal on the basis of laches. Further, rectification of the deprivation of the owner's due process rights under the Fourteenth Amendment should be given, in this instance, a higher priority.

### IV. REMEDIES

Defendant Hendricks paid $300.00 for the property when he purchased it on November 16, 1977. It is not known how much defendant Lindquist paid when she purchased the same property from Hendricks. Defendant Lindquist cross-claimed against defendant Hendricks for the return of her purchase price in the event the tax sale was voided. However, there is no showing of service of the cross-claim on either Hendricks or his attorney, Albert A. Sheen, Esq. The certificate of service indicates that the cross-claim was sent to another attorney who has not appeared in this action. Therefore, Hendricks has not had an opportunity to respond to the cross-claim.

■ The Court will adopt the procedure followed in Rivera, supra, and direct repayment to defendant Hendricks of the $300.00 purchase price together with interest at the legal rate from November 16, 1977. The Court will also permit defendant Lindquist 20 days from the date of its order to serve the cross-claim on defendant

Hendricks, and the remaining portion of the case, i.e., the Lindquist cross-claim, will proceed to conclusion.

 The Court will also exercise its discretion and will not award any attorney's fees. The plaintiffs are not entitled to such an award, since it was their failure to pay the property taxes which were legally assessed which brought the matter before the Court in the first instance.

## V. APPLICATION OF DECISION

Finally, we are faced with the question of the application of this decision. We are neither required to, nor prohibited from, applying a decision retroactively. Linkletter v. Walker, 381 U.S. 618, 629 (1965). The Court is persuaded that this decision should be applied on a prospective basis only, in the manner to be described. We choose to follow Kirchberg v. Feenstra, 49 U.S.L.W. 4270, 4272 (March 23, 1981) (No. 79-1388), where the Supreme Court affirmed a Fifth Circuit decision finding a Louisiana statute unconstitutional as a violation of the equal protection clause. The decision was limited to prospective application because retroactive application would create a substantial hardship with respect to property rights and obligations. Such a situation exists in the case at bar.

 Accordingly, this decision will be applied to all cases now pending, and to all cases filed hereafter where the Government makes use of 33 V.I.C. § 2541(b) subsequent to the date of judgment herein. It will not be retroactively applied to any other instances where notice was given and the tax sale held prior to the date of the judgment herein. Cf. Cipriano v. City of Houma, 395 U.S. 701, 706 (1969).

## JUDGMENT

THIS MATTER is before the Court on motion for summary judgment filed by the plaintiffs, and to dismiss the action filed by defendant Lindquist. The Court having reviewed the memoranda and exhibits, and having filed its Memorandum Opinion of even date herewith, now therefore, it is

ORDERED, ADJUDGED AND DECREED:

1. THAT the tax sale of Plot 99A of Estate La Grande Princesse, on or about November 16, 1977, was void, and that the Certificate of Purchase issued thereon to Christian Hendricks was without effect and gave him no title in Plot 99A.

2. THAT defendant Christian Hendricks shall recover from

plaintiffs the sum of $300.00, with $126.00 in interest thereon from November 16, 1977 to July 16, 1982, or a total of $426.00.

3. THAT defendant Lindquist shall serve on defendant Hendricks or his attorney the cross-claim filed herein within 20 days of this order, or such cross-claim will be dismissed.

4. THAT each party bear his, her or its own attorney's fees and other costs.