## C. K. BENOIT, Plaintiff

### v.

## ROSHAN PANTHAKY, THOMAS LEGUILLOU, JAMES DANIEL, VERONICA DANIEL, and COMMISSIONER OF FINANCE OF THE GOVERNMENT OF THE VIRGIN ISLANDS, Defendants

Civil No. 976/81

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

September 13, 1983

Motion for Reconsideration, September 28, 1983

DOUGLAS A. BRADY, ESQ. (ALFRED AND BRADY), Christiansted, St. Croix, V.I., *for plaintiff*

JOEL H. HOLT, ESQ. (HOLT & GRONER), Christiansted, St. Croix, V.I., *for defendants James & Veronica Daniel*

MICHAEL S. MCLAURIN, ESQ., Office of the Attorney General, Christiansted, St. Croix, V.I., *for defendant Government of the Virgin Islands*

JOHN LENAHAN, ESQ. (BRYANT, LENAHAN & ELTMAN), Christiansted, St. Croix, V.I., *for defendant Thomas Leguillou*

WARREN B. COLE, ESQ. (ISHERWOOD HUNTER AND COLIANNI), Christiansted, St. Croix, V.I., *for defendant Roshan Panthaky*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION AND ORDER

This is an action to Set Aside a Tax Foreclosure and Sale of Real Property and for Declaratory Judgment.

Plaintiff, C. K. Benoit, on June 4, 1974, obtained fee simple title to two plots of unimproved real property, namely, Plots numbered 117 and 122 Estate St. George, Prince Quarter, St. Croix, U.S. Virgin Islands. On November 10, 1978, defendant Commissioner of Finance on behalf of the Government of the Virgin Islands sold these two plots at public auction to recover delinquent taxes for the years 1976

and 1977. Plot 117 was sold to defendant Roshan Panthaky for $890.00 and Plot 122 was sold to defendant Thomas Leguillou for $305.00. Defendant Panthaky conveyed her interest in Plot 117 to defendants James and Veronica Daniel on February 7, 1981, for the sum of $8,500.00. Shortly thereafter defendants Daniel obtained a construction permit and made improvements upon Plot 117 of a value in excess of $30,000.00.

■■ The applicable statutes governing such a tax sale are found in Title 33 of the Virgin Islands Code § 2491 et seq. It is well settled law in this Territory that statutes authorizing and regulating tax sales must be strictly construed in favor of the owner of the land. Williams v. Abel and Wheatley, 7 V.I. 146, 150 (D.V.I. 1969); Rivera v. Government of the Virgin Islands, 13 V.I. 42 (D.V.I. 1976); Shree Ram Naya Sabha, Inc., et al. v. Hendricks, et al., 19 V.I. 216 (D.V.I. 1982). Therefore, statutory requirements must be strictly followed if there is to be a valid sale. Williams, 7 V.I. at 150, citing cases.

Plaintiff, a resident of Florida, first received notice of the November 10, 1978, tax sale on December 23, 1980, some twenty-five months after the sale took place. Although 33 V.I.C. § 2496 requires the Commissioner of Finance to publish a general notice three times in all newspapers of general circulation in the Virgin Islands and post same in other frequented public places, within sixty days after the date on which the taxes become delinquent,[1] defendant Commissioner of Finance admitted that such lists were not prepared.

■ So also, 33 V.I.C. § 2541 sets forth the procedural steps for attachment and sale. The Director of the Bureau of Internal Revenue shall prepare a written notice of attachment,[2] but said at-

---

[1] 33 V.I.C. § 2496 states that:

*Preparation of notice of tax delinquency.*

Within 60 days after the date on which taxes become delinquent the Commissioner of Finance shall publish a general notice in the manner provided for by section 2495 of this title. Said general notice shall state that unless such delinquent taxes, together with the interest provided for by section 2494 of this title, are paid within a period of 30 days from the first publication date of the said notice, the property of said taxpayer will be attached and sold in the manner provided in this subtitle.

[2] 33 V.I.C. § 2541 states:

*Collection of taxes by attachment of property.*

(a) . . .

(b) The Director of the Bureau of Internal Revenue shall prepare a written notice of attachment of the real property on which the taxes are owing by the

tachment is not enforceable until notice has been served upon the debtor as therein provided. In Shree Ram Naya Sabha, Inc., supra, the District Court declared that as part of the search for the owner, the mails must be utilized as a method of notice if direct personal service is unsuccessful in order for 33 V.I.C. § 2541(b) to meet the constitutional standard of notice (19 V.I. at 221). Defendant, Commissioner of Finance, admitted that no attempt was made to notify plaintiff of the attachment by use of the mails, though plaintiff's address was set forth on the Warranty Deed recorded in the office of the Recorder of Deeds.

■ This Court need not look far to ascertain the inevitable effect of the tax sale. A quote from Judge Maris in Williams, repeated by Judge Young in Rivera, and readily apparent throughout Shree Ram Naya Sabha, Inc., seems to govern the outcome of this sale. "I think enough has been said to indicate that the procedure in this instance was replete with errors and omissions, and that the provisions of the statutes were largely observed by their breach." Williams, 7 V.I. at 150. Accordingly, the tax sale is void and as a result, no title has passed.

■ The tax sale having been declared void, and innocent third party interests having intervened, it becomes necessary to determine an equitable disposition of Plots 117 and 122 to preserve the rights of all parties. Generally, in order to recover property sold for delinquent taxes, a taxpayer must exercise his statutory right of

---

delinquent taxpayer. This notice shall contain the amount of the delinquent taxes and the interest provided for by section 2494 of this chapter, and shall contain a statement that if all the taxes, penalties and costs are not paid within the period prescribed in section 2546 of this title, the property shall be sold at public auction. The attachment shall be enforceable as soon as notice thereof shall have been served by leaving a copy with the debtor himself or any member of his family or attendants of legal age, a record of which service shall be noted down for subsequent action. When the debtor, a member of debtor's family or attendants cannot be found, the Director shall leave the notice with two neighbors of the debtor who shall be witnesses of the service of the notice, or, if no witnesses can be found willing to receive the notice, then the notice shall be posted on or attached to the property of the debtor, whereupon the notice shall be considered as being served upon the debtor. After the levy of the attachment the Director shall affix to the notice a certificate to be recorded in the real property register in the office of the recorder of deeds. The certificate shall contain—

    (1) The name of the delinquent taxpayer, if known;

    (2) The assessed value of his property;

    (3) The amount of taxes, penalties, and costs thereon; and

    (4) A description of, the situation of, and the approximate boundaries of the property attached in favor of the Government of the Virgin Islands.

redemption within one year from the date of sale at public auction 33 V.I.C. § 2581.[3] Paolozzi v. Baretta, et al., 15 V.I. 451 (Terr. Ct., Div. St. T. and St. J., 1979); James v. James, 17 V.I. 40 (Terr. Ct., Div. St. Croix, 1980). This right, however, is premised upon a valid, enforceable tax sale. The sale herein, however, has been declared void and statutory redemption rights should not be strictly applied. Hence, disposition of these two plots will be governed not by statute, but by general rules of equity.

Plot 122 was unimproved when acquired by plaintiff, and defendant Leguillou has made no improvements thereon. Utilizing the statutory redemption concept therefore, in this case, if defendant Leguillou is reimbursed for his purchase price, together with interest thereon until date of judgment plus taxes, fees, or necessary expenses he has incurred and paid, he will be returned to his status quo immediately preceding sale.

The disposition of Plot 117 is somewhat more involved. As previously stated, defendant Panthaky conveyed Plot 117 to defendants James and Veronica Daniel on February 7, 1981, for $8,500.00, only three months after plaintiff learned of the tax sale. Defendants Daniel have raised the issue of laches, urging that plaintiff be barred from asserting ownership in the property because he did not timely assert his right of redemption. Plaintiff filed suit on August 4, 1981, less than eight months after receiving notice of the tax sale. This court cannot say that under these facts plaintiff has slumbered upon his rights. See generally, Taxpayers Actions, 74 Am.Jur.2d § 37; Limitations of Actions; Laches, at 245. Further, rectification of the deprivation of the record owners' due process rights under the Fourteenth Amendment should be given, in this instance, a higher priority. Shree Ram Naya Sabha, Inc., supra, at 221.

The Daniels have already paid a fair market price for Plot 117, and have erected improvements thereon, thereby increasing the value of the plot when acquired by Benoit in 1974, to a present total market value well in excess of $70,000.00. Accordingly, the most equitable disposition of said property would require payment to

---

[3] 33 V.I.C. § 2581 states:

*Redemption upon payment to the Bureau of Internal Revenue.*

The owner of any real property for non-payment of real property taxes, his heirs, agents or assigns, or any person having a right or interest therein, may redeem the same within one year from date of sale at public auction by paying to the Bureau of Internal Revenue the full amount of all taxes for which the property was offered at public auction, . . .

plaintiff Benoit by defendants Daniel, of the market value of the plot when acquired, to wit: $7,500.00, less the tax sale purchase price of $890.00 which inured to his benefit, plus interest on the resultant sum from November 10, 1982, to date of judgment, possession of and title to Plot 117 remaining in defendants Daniel. Equity further demands that defendant Panthaky, pursuant to the crossclaim demands, repay to defendants Daniel the purchase price of the lot, namely, $8,500.00, less the $890.00 which Panthaky paid at the tax sale.

A Judgment in conformity with this Opinion shall be submitted to the Court for entry.

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter came on before the Court on Motion of defendants, Daniel, for reconsideration. Plaintiff appeared by and through his attorneys Alfred and Brady, Esq., Keith Brady, Esq., of Counsel, defendant Panthaky appeared by and through her attorneys, Isherwood Hunter and Colianni, Warren B. Cole, Esq., of Counsel, defendant Commissioner of Finance of the Government of the Virgin Islands appeared by and through the Attorney General of the Virgin Islands, Michael McLaurin, Esq., of Counsel, and defendants Daniel appeared personally and through their attorneys, Holt & Groner, Joel Holt, Esq., of Counsel. Defendant Thomas Leguillou did not appear, personally or through Counsel.

The Court having read and considered the Memoranda filed by the parties and having heard and considered the arguments of Counsel and being otherwise advised in the premises; it is

ORDERED that the defendants Daniel's Motion for Reconsideration is DENIED.