C. K. BENOIT, Plaintiff, and Appellee

v.

JAMES DANIEL and VERONICA DANIEL, Defendants, and
Appellants

and

ROSHAN PANTHAKY, THOMAS LEGUILLOU,
and COMMISSIONER OF FINANCE OF THE
GOVERNMENT OF THE VIRGIN ISLANDS, Defendants

Civil No. 1984/174

District Court of the Virgin Islands

Div. of St. Croix

May 9, 1985

JOEL H. HOLT, ESQ., Christiansted, St. Croix, V.I., *for appellee Benoit*

DOUGLAS A. BRADY, ESQ., Christiansted, St. Croix, V.I., *for appellant Panthaky*

JOHN E. LENAHAN, ESQ., Christiansted, St. Croix, V.I., *for appellant Leguillou*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

This is an appeal from the Territorial Court. The primary issue we face is whether a two year statute of limitations for actions to invalidate a property tax sale bars an attack on a sale that is void.

This issue was mentioned, but neither argued nor briefed, before the trial court. It has been fully briefed on appeal. The Territorial Court decided this case in favor of the delinquent taxpayer, reaching a unique and reasonable result. We affirm.

The decision of the trial court to leave each party to his, her or their own costs and attorneys' fees, appealed by one of the defendants, will also be affirmed.

## I. FACTS

C. K. Benoit ("Benoit") purchased two parcels of land, Plot Nos. 117 and 122 of Estate St. George, in 1974. On the warranty deed Benoit listed a Trinidad address as his home address. However, for the tax years 1976 and 1977 the Virgin Islands Government sent Benoit's property tax bill to a St. Croix address. Benoit never received these bills even though Benoit's correct address was on file with the Recorder of Deeds.

On November 10, 1978, the Commissioner of Finance sold the two properties at public auction for delinquent taxes. At some point prior to this tax sale Benoit moved from Trinidad to Miami. The Government advertised this sale and sent notice of the sale to the improper St. Croix address. However, the Government never sent notice to Benoit's correct address. Plot No. 122 was sold to Thomas Leguillou and Plot No. 117 was sold to Elsie Walcott who bought the property in the name of her daughter Roshan Panthaky.

After the sale, the Government sent notice of Benoit's right to redeem his property to the incorrect St. Croix address. Benoit never received this notice.

Benoit contacted the Virgin Islands Department of Finance on September 29, 1980, advised the Department that he had not received his tax bills and requested information about the amount of back taxes owed. Benoit then sent the Department of Finance a check for these back taxes. This check was returned to Benoit on December 23, 1980, at which time he was informed that the plots were sold to Leguillou and Panthaky. In February 1981 Panthaky sold Plot No. 117 to the Daniels, who then built a home on that land.

In August 1981 Benoit filed suit to set aside the original tax sale. The trial judge in Territorial Court held that this tax sale was void and returned Plot No. 122 to Benoit. Since Plot No. 117 had been improved the trial court allowed the Daniels to retain title but ordered that they pay Benoit the market value of the plot when acquired, including interest, less the tax sale purchase price. The

Daniels filed a motion for reconsideration which was denied. They then appealed the entire decision to this Court. Leguillou appealed only the denial to him of attorney's fees.

## II. DISCUSSION

The issue of the statute of limitations as related to void tax sales is important to both the government and property owners. The Territorial Court never had an opportunity to fully develop the matter. So that the record will be clear, we will discuss the issue in some depth.

■■ Both sides concede that the Virgin Islands Government failed to give proper notice of the tax sale and the trial court correctly held that the tax sale was void.[1]

The Daniels argue that the Territorial Court erred by not dismissing the complaint. Founded on public policy, they maintain that the running of the statute of limitations prevents the tax debtor from challenging the tax sale regardless of the validity of the sale. We reject this position for the following reasons.

### A) *Fourteenth Amendment Due Process*

■ First, we find that the statute of limitations for setting aside a tax sale, found at 5 V.I.C. § 31(5)(A), can only refer to tax sales

---

[1] 33 V.I.C. § 2541(b) in part states:

(b) The Commissioner of Finance shall prepare a written notice of attachment of the real property on which the taxes are owing by the delinquent taxpayer. This notice shall contain the amount of the delinquent taxes and the interest provided for by section 2494 of this chapter, and shall contain a statement that if all the taxes, penalties and costs are not paid within the period prescribed in section 2546 of this title, the property shall be sold at public auction. The attachment shall be enforceable as soon as notice thereof shall have been served by leaving a copy with the debtor himself or any member of the debtor's family or attendants of legal age, a record of which service shall be noted down for subsequent action. When the debtor, a member of the debtor's family or attendants cannot be found, the Commissioner shall leave the notice with two neighbors of the debtor who shall be witnesses of the service of the notice, or, if no witnesses can be found willing to receive the notice, then the notice shall be posted on or attached to the property of the debtor, whereupon the notice shall be considered as being served upon the debtor.

Statutes regulating tax sales must be strictly construed in favor of the owner of the land. Shree Ram Naya Sabha, Inc., et al. v. Hendricks, et al., 19 V.I. 216, 219 (D.V.I. 1982); Rivera v. Government of the Virgin Islands, 13 V.I. 42, 48 (D.V.I. 1976); Williams v. Abel and Wheatley, 7 V.I. 146, 150 (D.V.I. 1969). The burden is on a tax sale purchaser, or one who claims through the purchaser, to establish to the Court's satisfaction that the intended procedure was in fact followed. Rivera, supra at 46–47. In this case it is clear that the party claiming through the tax purchaser has not even tried to meet this burden and would have failed if they had tried.

validly conducted pursuant to Title 33, chapter 89, subchapter III of the Virgin Islands Code. The statute of limitations will not run for a constitutionally defective tax sale.

To hold that the statute of limitations had run in this case would in effect place a higher priority on the Daniels' right to be free from "stale" claims than Benoit's due process rights under the Fourteenth Amendment.

In Shree Ram Naya, supra at 221, the party who claimed title through the tax sale purchaser asserted the affirmative defense of laches when the prior owner attempted to have the tax sale declared void. In that case we noted that "rectification of the deprivation of the owner's due process rights under the Fourteenth Amendment should be given, in this instance, a higher priority." Shree Ram Naya, supra at 221. We believe that the doctrine of laches and statutes of limitations are similar enough for us to apply our analysis in Sham Ram Naya to the present case.

Although there are some distinctions between the doctrine of laches and statutes of limitations, see generally 51 Am. Jur. 2d Limitation of Actions § 6 (1970), the underlying rationale for both appear to be similar. Laches is an equitable doctrine that denies relief to a party whose undue delay in asserting rights prejudices the adverse party. Watlington v. Canton, 18 V.I. 203, 208 (Terr. Ct. 1982). Justice Byron White, dissenting in South Dakota v. North Carolina, 192 U.S. 286, 346 (1903) defined a statute of limitations as "the action of the state in determining that, after the lapse of a specified time, a claim shall not be legally enforceable." Statutes of limitations, like the doctrine of laches, are designed to prevent undue delay in bringing suit on claims and to suppress stale claims from being asserted to the surprise of the adverse parties. Chase Secur. Corp. v. Donaldson, 325 U.S. 304 reh. den., 325 U.S. 896 (1945). The doctrine of laches has been referred to as the "equitable equivalent of the legal statute of limitations." Wagg v. Herbert, 215 U.S. 546, 553 (1909).

Additionally, the doctrine of laches and statutes of limitations operate in similar ways. Inaction or delay in seeking a legal remedy can be barred by the doctrine of laches or the statute of limitations. 1 Am. Jur. 2d Actions § 90 (1962). Both are affirmative defenses which must be set forth in an answer to a complaint. Fed. R. Civ. P. 8(c). Both the doctrine of laches and statutes of limitations merely bar the remedy but do not discharge the right. Halcon International, Inc. v. Monsanto Australia, Ltd., 446 F.2d 156 (7th Cir.), cert. denied, 404 U.S. 949, reh. denied, 404 U.S. 1026 (1971).

■ In the Third Circuit, the relationship between the doctrine of laches and statutes of limitations is particularly important with respect to burden of proof. Prior to the running of the statute, the defendant has the burden of proving laches. After the statute has run, however, the plaintiff has the burden of disproving laches. Pierre v. Hess Oil Virgin Islands Corp., 624 F.2d 445, 450 (3d Cir. 1980); Churma v. United States Steel Corporation, 514 F.2d 589, 593 (3d Cir. 1975).

■ We therefore find that deprivation of a landowners right to notice of delinquent taxes and a pending tax sale, contained in the Fourteenth Amendment due process clause, should be given a higher priority than a tax sale purchaser's right to be free from "stale" claims raised after the statute of limitations has run.

B) *Case Law*

A wide variety of cases have wrestled with the issue of defective tax sales and the corresponding statutes of limitations for actions to set these sales aside. Many cases hold that the running of statutes of limitations for actions to set aside tax sales are tolled when defects in the tax sale, including lack of notice to the tax debtor of the tax sale, make the tax deed void. United States v. 329.22 Acres of Land, 307 F. Supp. 34, 51 (M.D. Fla. 1968) aff'd, 418 F.2d 551 (5th Cir. 1969) (tax deed void from the date of issue is not protected from challenge by running of the statute of limitations); Farris v. Anaconda Copper Mining Co., 31 F. Supp. 571, 579–80 (D. Mont. 1940) (statute of limitations is not a bar for void tax deeds); Larsen v. Cady, 274 N.W.2d 907, 909 (Iowa, 1979) (state not barred by the statute of limitations from asserting its rights to tax deed); Bogart v. Lathrop, 523 P.2d 838, 840 (Nev. 1974) (where a tax deed and sale are void because of a jurisdictional defect, the three year limitation period does not apply); Hodges v. McCutcheon, 72 N.D. 150, 5 N.W.2d 83, 85 (1942) (statute of limitations does not run in favor of tax deed void on its face or void because of a defect in the proceedings which led to its issuance); Boyd v. Meador, 10 Ark. App. 5, 660 S.W.2d 943 (1983) (chancellor erred in barring appellant's right to question tax sale after two year statute of limitations had expired when sale was invalid because of the omission of the required certification of publication of notice). Some jurisdictions hold that special statutes of limitations for challenges to tax sales do not run when the tax deed is void on its face. Catlett v. Roemer, 174 Kan. 309, 255 P.2d 1011, 1014 (1953); Leuck v. Russell, 632 S.W.2d 40, 42 (Mo. Ct.

App. 1982). We find these cases persuasive in supporting our position that the statute of limitations does not prevent a tax debtor from challenging an invalid tax sale.

We should note that other jurisdictions disagree with our position and hold that the running of the statute of limitations prevents a tax debtor from challenging a void tax sale or tax deed. Frederiksen v. La Fleur, 632 P.2d 827, 831 (Utah, 1981) (tax purchasers may avail themselves of the special statute of limitations regardless of either the invalidity of their tax title or their inability to establish an affirmative claim to title apart from their tax title); Shaffer v. Mareve Oil Corp., 204 S.E.2d 404, 409 (W.Va. 1974) (a short statute of limitations may validly bar an attack on a jurisdictionally defective or void tax deed). These cases do not vitiate the substance of this opinion for two reasons. First, as the Shaffer court notes, the majority of jurisdictions faced with interpreting similar statutes have held that time limitations for bringing suits to set aside tax deeds apply only to non-jurisdictional defects. Shaffer, supra at 409. Cases in this area uniformly hold that lack of notice to the tax debtor is a jurisdictional defect. Second, as the Shaffer court also noted, most decisions in this area are based on the peculiar wording of the particular statute and depend on the intent of the particular legislature. Shaffer, supra at 409. No evidence has been brought to our attention that the Virgin Islands Legislature, in enacting 5 V.I.C. § 31(5)(A), intended to adopt the minority position on this issue.

 In affirming the Territorial Court, we hold that the statute of limitations to set aside a sale of real property for non-payment of real property taxes will not prevent a tax debtor from challenging that sale if the tax debtor has not received adequate notice of the tax deficiency or the tax sale.

C) *Leguillou's Claim For Fees*

Leguillou, who purchased one of the parcels at the tax sale, does not appeal the Territorial Court decision returning the property to Benoit upon return of the purchase price and interest. Rather, he appeals the decision to deny him any attorney's fees, as an abuse of discretion of the trial court.

The trial court, in entering judgment leaving each party to pay his, her or their own costs, including attorneys' fees, did not elucidate on its reasoning. But in reality it did not have to. A reading of the record, and the court's opinion, demonstrates that there were no winners . . . only losers, in this case. As so often happens in tax sale matters all parties leave the case sadder, and hopefully wiser. The

delinquent property owner who obtains the property back must still pay interest, and those who purchased innocently at the tax sale lose the property with only a return of the purchase price and interest.

In the context of such a setting, it is easy to understand why the trial judge would exercise his discretion not to award costs and fees. It was not an abuse of discretion to so decide, and thus we will affirm his decision in that regard.

### ORDER

THIS MATTER is before the Court on appeal from the Territorial Court. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the Judgment of the Territorial Court be, and the same, is hereby AFFIRMED.