**CENTRALPACK ENGINEERING CORPORATION, Plaintiff**

v.

**THE GOVERNMENT OF THE VIRGIN ISLANDS, DEPART-MENT OF FINANCE, JOHN O. deJONGH, JR., COMMIS-SIONER OF FINANCE, JAN HANLEY and SID KALMANS, Defendant**

Civil No. 1037/88

Territorial Court of the Virgin Islands

Div. of St. Croix

May 3, 1989

LEE J. ROHN, ESQ., St. Croix, V.I., *for plaintiff*

NORMAN P. JONES, ESQ., St. Croix, V.I., *for defendants Jan Hanley and Sid Kalmans*

RICHARD MARLAR, ESQ., Assistant Attorney General, St. Thomas, V.I., *for Government of the V.I. Department of Finance*

ELTMAN, *Judge*

## MEMORANDUM OPINION

The Government has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Specifically, the Government contends that factual issues exist in this action which preclude the application of the Declaratory Judgments Act, 5 V.I.C. § 1261 et seq., and further, that the controversy does not touch upon matters of public concern as required for declaratory relief. The motion will be denied on both grounds.

The decision to entertain a declaratory judgment action is discretionary. Flavo-Rich v. Quinn, 18 V.I. 530 (D.V.I. 1981). While declaratory judgment may not be appropriate where there are factual disputes requiring an extended hearing of evidence and findings of fact, Alliance Mutual Casualty Co. v. Bailey, 380 P.2d 413 (Kan. 1963), the mere existence of questions of fact is not fatal. Wright v. Thompson, 117 N.W.2d 520 (Iowa 1962).

The Government has not identified what disputed and determinative questions of fact it believes bar this action. Indeed, the Government contended at oral argument that even if it did not give notice of the tax bill to the property owner, it had no duty to do so as a matter of law. Whatever disputed questions exist, a lengthy

evidentiary hearing and complex findings of fact appear to be unlikely. Commenting on the availability of declaratory judgment in litigation involving insurance coverage, Chief Justice Hughes wrote:

> That the dispute turns upon questions of fact does not withdraw it, as the respondent seems to contend, from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences. That is everyday practice. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 242, 57 S. Ct. 461, 465 (1937).

■ This matter involves the respective rights and liabilities of the Government and a property owner with regard to the requisite notice, if any, of tax liability. The concern of the public in the resolution of the controversy is hard to miss. Williams v. Abel, 7 V.I. 146 (D.V.I. 1969); Benoit v. Panthaky, 20 V.I. 28 (Terr. Ct. St. Croix, 1983), 780 F.2d 336 (D.V.I. 1985); Shree Ram Naya Sabha, Inc. v. Hendricks, 19 V.I. 216 (D.V.I. 1982).

■ It has not briefed the issue, but the Government also contends in its motion that this action is barred by the statute of limitations. However, if the plaintiff is correct that it did not have adequate notice of the tax bill, the statute of limitations will not run on a constitutionally defective tax sale. Benoit v. Daniel, 21 V.I. 378 (D.V.I. 1985).

While not addressed in its written motion to dismiss, the Government noted at oral argument the plaintiff's failure to allege that this controversy is within the jurisdiction of the Territorial Court. The plaintiff did not oppose this argument on the grounds of surprise but rather responded that, where due process considerations are implicated, the Court is not constrained by such jurisdictional considerations.

■■ At this juncture, the due process aspects of this matter are speculative. What is certain, however, is that the jurisdiction of the Territorial Court in civil actions does not extend to controversies where the amount in issue is in excess of $200,000.00. 4 V.I.C. § 76(a). The Declaratory Judgments Act does not in and of itself confer subject matter jurisdiction on this Court; there must be an independent jurisdictional source. Richardson v. Virgin Islands Housing Authority, 18 V.I. 351 (D.V.I. 1981). If the amount in controversy exceeds $200,000.00, the Territorial Court is not

empowered to consider an action for declaratory relief. Puerto Rican-American Insurance Co. v. Francis, 17 V.I. 87 (Terr. Ct. St. T. and St. J., 1980). The complaint does not allege the value of the real property which is the subject of this proceeding.

■ Although perhaps honored more in the breach than in the observance, Fed. R. Civ. P. 8(a)(1) requires a complaint to contain a "short and plain statement of the ground upon which the court's jurisdiction depends ...." The plaintiff's failure to so allege is significant under the circumstances. Accordingly, and in lieu of outright dismissal, the plaintiff will be granted leave to amend the complaint, within 10 days, to conform with the requirement of Rule 8(a)(1).

## ORDER

This matter came before the court on the motion of the Government of the Virgin Islands to dismiss the complaint herein. In accordance with the memorandum opinion of even date, it is hereby

ORDERED that the plaintiff is granted leave to amend its complaint, within ten days of this order, to recite the basis, if any, for subject-matter jurisdiction in this action. Upon the plaintiff's failure to file such amended complaint within ten days of this order, or its failure to recite an adequate jurisdictional basis herein, the complaint will be dismissed; and it is further

ORDERED that, with respect to the other grounds advanced by the Government of the Virgin Islands in support of its motion to dismiss, the motion is DENIED.