

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2006

# Dougherty v. Hassell

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1459

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Dougherty v. Hassell" (2006). *2006 Decisions*. Paper 1755.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1755

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1459

JAMES BRUCE DOUGHERTY,
Executor of the Estate of Helen deToy Pfeuffer

v.

CATHERINE B. HASSELL; MYRAH KEATING; LILLIAN GARRETT;
EMILIE RAMDHANDIE; MYRAH SOLOMON; LILLIAN SMITH McBEAN;
JOHN KNUD HANSEN; JAMES KNUD HANSEN; INEZ D. WILKERSON;
FRANCES DURLOO WILSON; FRANK DURLOO; MILES A. FINNEGAN;
DESMOND FINNEGAN; DOROTHY F. LAUGHLIN; MARGARITA PARROTT;
JOSEFA MONSANTO AND OTHERS; VIRGINIA I. KEYS

The Heirs of Ramona deToy Aubrey,
Appellants

On Appeal from the District Court of the Virgin Islands
Division of St. Thomas and St. John
D.C. Civil Action No. 87-cv-00426
(Honorable Thomas K. Moore)

Argued December 5, 2005

Before: SCIRICA, *Chief Judge*, McKEE and NYGAARD, *Circuit Judges*

(Filed: January 12, 2006)

WILLIAM S. McCONNELL, ESQUIRE (ARGUED)
6500 Red Hook Plaza, Suite 206
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00802

      Attorney for Appellants

MARIE E. THOMASGRIFFITH, ESQUIRE (ARGUED)
Birch, de Jongh, Hindels & Hall
Poinsettia House at Bluebeard's Castle
1330 Estate Taarnebjerg
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00802

      Attorney for Appellee

---

OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

The heirs of Ramona deToy Aubrey appeal the District Court's order dismissing their objection to Horace Turnbull's claim in this partition action. We have jurisdiction under 28 U.S.C. § 1291 and will affirm.

## I.

The facts are undisputed. Because we write for the parties, an abbreviated recitation will suffice. In 1987, Ramona deToy Aubrey inherited a 1/24th undivided interest in Thatch Cay, an uninhabited island in the United States Virgin Islands. Aubrey failed to pay real property taxes on this interest from 1987 to 1993. In April 1995, the Virgin Islands Department of Finance notified Aubrey by mail that failure to pay her

2

outstanding tax liability of $6,197.98 would result in the sale of her interest in Thatch Cay at public auction. Thereafter, the Department of Finance included Aubrey's interest in a listing of properties that were to be sold at public auction on May 31, 1995. The listing was published twice a week for three weeks in the *Virgin Islands Daily News*.

Horace Turnbull bought Aubrey's interest for $6,625 at the May 31, 1995 tax sale and a Certificate of Purchase was issued and recorded. On May 22, 1996, the Department of Finance wrote to Aubrey, notifying her of the sale and of her right, under 33 V.I.C. § 2581,[1] to redeem the interest by paying all outstanding taxes and fees within one year

---

[1] 33 V.I.C. § 2581 provides:

The owner of any real property sold for non-payment of real property taxes and public sewer system user fees, his heirs, agent or assigns, or any person having a right or interest therein, may redeem the same within one year from the date of sale at public auction by paying to the Department of Finance the full amount of all taxes and public sewer system user fees for which the property was offered at public auction, plus interest at the rate of twelve percent per annum computed on the full amount of the purchase money to the date 30 days after tender is made to the Department of Finance, together with all penalties, costs incurred, taxes and public sewer system user fees due and a Department of Finance Administrative fee of $15. Upon payment of said amounts, the redemptioner shall receive a certificate of redemption from the Commissioner of Finance. The certificate of redemption shall operate as a release of all claims by the auction purchaser to title to said property by virtue of the sale for non-payment of real property taxes and public sewer system user fees and shall supersede the certificate of purchase. The redemptioner may have such release duly entered in the real property register against the certificate of purchase upon payment to the Recorder of Deeds of such fees as may be specified by Title 28, section 133, of this Code. The property so released shall remain subject to all liens and legal claims against it, other than the real property tax and public sewer system user fee liens for which it was

(continued...)

from the date of the sale.[2]  Aubrey did not exercise this right.  On June 11, 1996, the

Commissioner of Finance recorded an Expiration of Period of Redemption.

Meanwhile, the owners and putative owners of Thatch Cay commenced this

partition action on November 24, 1987 in District Court, seeking a sale of the island and

distribution of the proceeds.  By virtue of her inherited interest, Aubrey was named as a

defendant.  On September 28, 1988, default was entered against her.  On November 9,

1989, she filed a Notice of Appearance and a motion to set aside the entry of default.  The

District Court granted the motion on April 12, 2000, apparently unaware that the tax sale

had occurred and Aubrey had died during the intervening years.

The District Court established January 15, 2002 as a deadline for submission of all

claims in the partition action.  On January 14, 2002, Turnbull submitted a claim for a

---

[1](...continued)
> sold, to the same extent and in the manner as though said property had not
> been sold for real property taxes and public sewer system user fees.  When
> the property is redeemed by a mortgagee, the redemption money paid by
> him shall be added to his mortgage lien and may be recovered with the same
> rate of interest borne by the mortgage lien; when a tenant or lessee redeems
> such property, he may deduct the amount of such redemption money from
> his rent.

[2]We note the Department of Finance did not give Aubrey notice of her redemption
right until almost a full year following the date of the tax sale, when only eight days
remained in the statutory redemption period.  But our reading of 33 V.I.C. § 2581, *see
supra* note 1, leads us to believe earlier notice was not required.  This reading is
strengthened by the absence of discussion regarding the date of notice of the redemption
right in both parties' briefs, and by the heirs' consent to the statement of facts set forth in
Turnbull's January 29, 2003 objection to the heirs' claim, which stated the May 22, 1996
notice "complied in all material respects with the statutory requirements."

proportionate share of proceeds based on the interest he purchased at the tax sale. On February 25, 2002, after the Court's established deadline, the Aubrey heirs filed a claim and an objection to Turnbull's claim. They contended title to Aubrey's interest never passed to Turnbull because notice deficiencies rendered the tax sale invalid and void. On January 29, 2003, Turnbull filed an objection to the heirs' claim. On December 29, 2004, the District Court entered an Opinion and Order dismissing the heirs' objection to Turnbull's claim on statute of limitations grounds. This appeal followed.

## II.

Whether the statute of limitations bars the Aubrey heirs' objection to Turnbull's claim is a question of law over which we exercise plenary review. *Sheet Metal Workers Local 19 v. 2300 Group Inc.*, 949 F.2d 1274, 1278 (3d Cir. 1991). Under Virgin Islands law, there is a two year statute of limitations for any action to set aside a sale of property for failure to pay property taxes. *See* Title 5 V.I.C. § 31(5)(A) (2005). The tax sale of Aubrey's interest in Thatch Cay occurred on May 31, 1995. Accordingly, the statute of limitations, unless tolled or otherwise inapplicable, would have expired on May 30, 1997. The tax sale was not challenged until the heirs filed their February 25, 2002 objection to Turnbull's claim in the partition action, more than four and a half years after this expiration date. Notwithstanding, the heirs contend their challenge is not time barred because the tax sale was invalid and void, and the statute of limitations does not apply.

5

We cannot agree that the heirs' challenge—brought in an unrelated proceeding almost seven years after the tax sale—is not time barred. We recognize "[i]t is firmly established law in the Virgin Islands that a tax sale is void unless government carefully adheres to the notice procedures for a tax sale required by Title 33 of the Virgin Islands Code and the due process clause of the Fourteenth Amendment to the United States Constitution." *Grobien v. Lombardi*, 765 F. Supp. 856, 859 (D.V.I. 1991). But for the reasons stated, we conclude the 1995 tax sale complied with constitutional requirements of due process and with the statutory provisions of 33 V.I.C. § 2491, *et. seq.*, and accordingly, the sale was valid and the statute of limitations applied.

The District Court held the government provided constitutionally adequate notice in the tax sale. We agree. Constitutionally adequate notice involves actual notice or notice reasonably calculated to provide actual notice, and is satisfied by mailed notice. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983). Virgin Islands courts have held constitutionally adequate notice requires notice of attachment be given by mail where personal service is not effected. *See Centralpack Eng'g Corp. v. Gov't, Dep't of Fin.,* 24 V.I. 264 (V.I. Terr. 1989). It is undisputed that on April 5, 1995, Aubrey received mailed notice of the attachment of her property at her home address listed on her tax bills. Accordingly, we conclude the government provided constitutionally adequate notice.

6

The heirs contend that even if the notice was constitutionally adequate, it did not comply with Virgin Islands statutory requirements, rendering the tax sale invalid and void. *See Benoit v. Pathaky*, 20 V.I. 28, 30 (Terr. Ct., Div. St. Croix 1983), *aff'd*, 21 V.I. 378 (D.V.I. 1985), *aff'd*, 780 F.2d 336 (3d Cir. 1985) ("[S]tatutory requirements must be strictly followed if there is to be a valid sale."). The heirs allege three specific procedural errors but in each case, we find no error.

First, the heirs allege the government failed to publish newspaper notice for a full three weeks, in violation of 33 V.I.C. § 2546 (1995) (amended 1998).[3] We interpret section 2546 to require notice of a tax sale to be published twice a week during a three week (21 day) period between the levy of attachment and the sale. Aubrey received notice of the attachment on April 5, 1995 in a letter stating her property would "be sold at Public Auction if the delinquent taxes are not paid promptly." The government filed a Certificate of Attachment on April 12, 1995, and then published notice of the tax sale in the *Virgin Islands Daily News* twice a week for the three week period beginning Monday, May 8, 1995.[4] The auction was held on May 31, 1995, almost two months after Aubrey

---

[3]As it then existed, 33 V.I.C. § 2546 stated, in relevant part:
> After the levy of attachment the Commissioner of Finance shall proceed to advertise the property for sale. The advertisement shall be published at least twice a week for a period of three weeks in a newspaper of general circulation in the judicial division and jurisdiction in which the property is located . . . .

[4]During the first week, notices were published on Thursday, May 11 and Saturday, May 13; during the second week, notices were published Tuesday, May 16 and Friday,

(continued...)

received notice of the attachment. Accordingly, the government complied with the requirements of 33 V.I.C. § 2546.

The heirs next allege the government erred by listing Aubrey's name in a group of un-alphabetized names at the end of the newspaper notice. We see no error. The statute does not require a specific order for publication of delinquent tax rolls. *See* 33 V.I.C. §§ 2546, 2547 (specifying the required form and content of the notice of sale). Nor does the order of names call into question the constitutional adequacy of the government's notice to Aubrey. As noted, the constitutional standard is met when a taxpayer is given actual notice or notice reasonably calculated to provide actual notice. In conjunction with the notice of attachment mailed to Aubrey at her home address, the newspaper notice satisfied this standard. It might have been preferable for all names in the notice to be listed alphabetically, but this argument is more appropriately directed toward the Virgin Islands legislature. In the absence of a statutory or constitutional violation, we cannot conclude the lack of alphabetical order constitutes an error that invalidates or voids the tax sale.

Finally, the heirs allege the government failed to comply with 33 V.I.C. § 2496 (requiring publication, within 60 days of taxes becoming delinquent, of a notice informing delinquent taxpayers their property will be sold at public auction unless they

[4](...continued) May 19; and during the third week, notices were published on Monday, May 22 and Wednesday, May 24.

8

pay their tax liability in full).  But the Department of Finance's April 3, 1995 letter to

Aubrey, notifying her of her outstanding tax liability and the consequences of not paying

the liability in full, was sufficient to comply with the requirements of 33 V.I.C. § 2496,

which are intended to serve "as notice to the taxpayer of the impending sale of the real

property at public auction."  33 V.I.C. § 2496.

We conclude the statute of limitations applied to the May 30, 1995 tax sale and

expired on May 30, 1997.[5]  Accordingly, the heirs are time barred from entering a claim

in this partition action based on a challenge to the tax sale.[6]

**III.**

For the reasons set forth, we will affirm the order of the District Court.

---

[5]The heirs' argument on appeal that Aubrey's presence in the partition action served to
toll the statute of limitations was not presented to the District Court and was not,
therefore, properly preserved for appellate review.  Regardless, this argument would not
affect our conclusion.  The partition action and the tax sale were distinct proceedings, and
Aubrey's presence in the former has no bearing on the statute of limitations for
challenging the latter.

[6]We note that even if the heirs' claims were not time barred under the statute of
limitations, they would have been barred by the District Court's January 12, 2001 order
establishing a deadline of January 15, 2002 for submitting claims.