George A. PETERSEN, Celecia P. Olive, Anna Petersen, and Alvara Robinson, Plaintiffs,

v.

GOVERNMENT OF the VIRGIN ISLANDS, Michael J. Schjang, Charles Alexander Petersen, James A. O'Bryan, Rufus Graham, John McCleverty, and the Heirs of Wilbur Petersen, Defendants.

Civ. No. 1975/622.

United States District Court, Virgin Islands, D. St. Croix.

May 11, 1977.

Frank F. Padilla, Frederiksted, St. Croix, V.I., for plaintiffs.

John E. Lenahan, Asst. Atty. Gen., Christiansted, St. Croix, V.I., for defendant Government of the Virgin Islands.

John D. Merwin, Merwin, Alexander & O'Brien, Frederiksted, St. Croix, V.I., for defendant Michael Schjang.

Thomas L. Hamlin, Legal Services of the Virgin Islands, Christiansted, St. Croix, V.I., for defendant Charles Alexander Petersen.

Derek M. Hodge, Hodge & Sheen, Christiansted, St. Croix, V.I., for defendant James O'Bryan.

## MEMORANDUM OPINION WITH JUDGMENT ATTACHED

WARREN H. YOUNG, District Judge.

Plaintiffs seek a declaratory judgment that the January 29, 1971 tax sale of certain parcels of realty, lots 6–B and 6–C Hospital Street, Christiansted, St. Croix, to defendant Michael Schjang be declared null and void. Plaintiffs contend that defendant, Government of the Virgin Islands, failed in four respects to comply with the statutory provisions governing tax sales, to wit: (1) the government failed to publish a general notice that property taxes for the year 1968 were due as required by 33 V.I.C. § 2495; (2) the government failed to publish a delinquent taxpayers' list for the year 1968 in compliance with 33 V.I.C. § 2496; (3) service of the notice of attachment for delinquent taxes was not effectuated in conformity with the procedure set forth in 33 V.I.C. § 2541; and (4) the government failed to publish a notice of tax sale with respect to subject realty as required by 33 V.I.C. § 2546.

The facts are not in dispute. On June 2, 1967, one Alexander Petersen died intestate seized of lots 6–B and 6–C Hospital Street. Probate was filed in St. Thomas in May of 1969, and by virtue of an adjudication entered on August 10, 1973, title to said realty passed to plaintiffs, defendant Charles Alexander Petersen, and one Wilbur Petersen, now deceased, in various fractional shares. *In the Matter of the Estate of Alexander Petersen,* Probate No. 1969/23, District Court of the Virgin Islands, Division of St. Thomas.

During the interim period the 1968 real property taxes owing on the subject realty went unpaid. The government published a general notice that property taxes for the year 1968 were due in the St. Croix Avis on June 27th, July 3rd, 8th and 11th, 1969. The notice of attachment of the subject property was sent by registered mail to Alexander Petersen and received by his son, defendant Charles Alexander Petersen on September 10, 1970.

No notice of sales was published in the local newspapers as to lot 6–C Hospital Street; however, the government published such a notice as to lot 6–B in the St. Croix Avis on December 30, 1970 and January 4th, 8th, 12th, 14th and 19th, 1971. The tax sale was conducted on January 29, 1971 by the Commissioner of Finance whereupon defendant Michael Schjang purchased both lots for the total price of $1,300.00. A certificate of purchase was subsequently executed by Walter Pederson, on behalf of the Commissioner of Finance, to Schjang.

■ It is well settled that statutes authorizing and regulating tax sales must be strictly construed in favor of the owner of the land, and that non compliance with such statutes render a subsequent sale of property a nullity. 85 C.J.S. Taxation § 745; *Williams v. Abel,* 7 V.I. 146 (D.C.V.I., Div. St. Croix 1969). Title 33 of the Virgin Islands Code, which governs the levy and collection of real estate taxes and the sale of real property because of the non-payment of such taxes, sets forth certain procedural requirements for the collection of taxes and the effectuation of tax sales.

Section 2495(b) of Title 33 provides that notices with respect to the collection of taxes "shall be published by the Commissioner of Finance, three times in all newspapers of general circulation in the Virgin Islands, and shall be posted in frequented public places in the Virgin Islands, not later than the first day of the month in which the tax is to be collected." Section 2494 provides that June 30th of each year shall be the due date for property taxes, thus mandating the conclusion that the date of June 1st constitutes the deadline by which said notice requirements must have been fulfilled under § 2495(b). Herein, the facts reveal that the government failed to comply with the general notice provisions of 33 V.I.C. § 2495.

Section 2496 of Title 33 provides for the publication of a delinquent taxpayers' list, showing the assessment of the property upon which taxes are due and unpaid and the amount of taxes due thereon, in the manner provided for by § 2495. The facts clearly establish and I must conclude that no such list of delinquent taxpayers for the year 1968 was published or posted as mandated by law. See in this regard, 85 C.J.S. Taxation § 768.

■ Section 2541(b) of Title 33 requires service of a copy of the notice of attachment of the subject property in one of the following manners: (1) by leaving a copy with the debtor himself or any member of his family; (2) failing such, by leaving the notice with two neighbors of the debtor, willing to receive the same; (3) failing such, by posting the notice upon the property of the debtor. Herein the government simply mailed a copy of the notice of attachment to the deceased, which copy was received by defendant Charles Alexander Petersen. Accordingly, the Virgin Islands Code having enunciated the manner in which service is to be effectuated, I must conclude that the government failed to comply with the requirements set forth in § 2541(b).

Section 2546 of Title 33 provides that before a tax sale may be held the government must advertise the property for sale "at least twice a week for a period of three weeks in a newspaper of general circulation in the judicial division and jurisdiction in which the property is located, and notices to a similar effect shall also be posted in frequented public places therein." In the matter *sub judice* no notice of tax sale whatsoever was published for lot 6–C Hospital Street. As to lot 6–B, although publication was effectuated in the St. Croix Avis on six occasions, the same extended over a period of four weeks rather than as provided in 33 V.I.C. § 2546. See in this regard 85 C.J.S. Taxation § 790.

■ Suffice it to say that the procedures employed by the government in the instant matter were replete with errors and omissions. I must conclude therefore that the tax sale in this case was void and that the certificate of purchase issued on behalf of the Commissioner of Finance gave no title to the purchaser, defendant Michael Schjang. Plaintiffs are entitled to a judgment so declaring. *Williams v. Abel,* 7 V.I. 146. The judgment will also contain a directive that the Government of the Virgin Islands refund to the defendant Michael Schjang, the sum of $1,300.00 paid by him at the sale, together with interest from the date of payment.

Inasmuch as the instant inquiry was restricted per agreement of the respective parties to the question of the validity *vel non* of the tax sale, the Court need not dispose of the various counterclaims and cross-claims interposed herein. Should any issues be left unresolved, the parties shall move the Court, within thirty days, for the setting of a trial date with respect thereto.

## JUDGMENT

In accordance with the Memorandum Opinion of even date herewith, it is hereby

ORDERED, ADJUDGED and DECREED

1. That the tax sale of lots 6–B and 6–C Hospital Street, Christiansted, St. Croix, conducted on January 29, 1971 by the Government of the Virgin Islands be and the same is hereby declared to be NULL and VOID;

2. That the certificate of purchase issued by Walter Pederson, on behalf of the Commissioner of Finance, to Michael Schjang on February 17, 1971 with respect to lots 6–B and 6–C Hospital Street, Christiansted, St. Croix be and the same is hereby declared to be NULL and VOID;

3. That plaintiffs be indemnified for their costs of action by the Government of the Virgin Islands, and that plaintiffs' attorney file with the Court, within ten days from the date of entry of this Judgment, an affidavit and bill of costs with respect thereto;

4. That the Government of the Virgin Islands refund to Michael Schjang the sum of $1,300.00, together with interest from the date of payment; and,

5. That the respective parties herein move the Court, within thirty days from the date of entry of this judgment, for the setting of a trial date with respect to any issues left unresolved.