

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2009

# USA v. Young

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3140

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Young" (2009). *2009 Decisions*. Paper 1536.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1536

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3140
_____

UNITED STATES

v.

JOSEPH YOUNG,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(No. 06-cr-00429-1)
District Judge: Honorable Stanley R. Chesler

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 18, 2008

Before: BARRY and CHAGARES, <u>Circuit Judges</u> and COHILL <u>District Judge</u>[1]

(Filed  April 16, 2009)

OPINION OF THE COURT

_____

[1]The Honorable Maurice B. Cohill, Jr., Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

CHAGARES, Circuit Judge.

Defendant Joseph Young appeals his sentence for his conviction of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). We will affirm the sentence given by the District Court.

I.

Since we write mainly for the parties, we give only a very brief recitation of the facts. Young was charged with and pled guilty to violating 18 U.S.C. § 922(g). As part of his guilty plea, Young admitted that he was in possession of a "Iver Johnson" Pony .380 caliber handgun with the serial number IJ000842. A handgun with the same serial number had been reported stolen.

At sentencing, the Government argued that the District Court should apply the two-level sentencing enhancement under United States Sentencing Guideline (U.S.S.G.) § 2K2.1(b)(4). That section mandates such an enhancement if the firearm was stolen. Young opposed application of the enhancement, arguing that it was not clearly established that the gun was actually stolen, though the evidence did show that it was reported stolen. Young also requested a downward departure because (1) he claimed that he needed to purchase a gun to protect himself and his family in his neighborhood, and (2) his criminal history was overstated and occurred when he was young. Finally, he requested a departure or variance because of conditions at Passaic County Jail, where he had served time prior to his sentencing.

2

Despite Young's arguments, the District Court found that the gun was stolen, and accordingly gave Young the two point sentencing enhancement under U.S.S.G. § 2K2.1(b)(4). The Court also found that a departure was inappropriate with regard to Young's need to protect himself and his family because that would mean that "residents of inner cit[ies] . . . are authorized to take the law into their own hands," and that Young's criminal history had not been overstated because he has been a "persistent and consistent offender." Appendix (App.) 23-24. The Court then rejected Young's arguments regarding conditions at the Passaic County Jail. App. 24-25. The Court sentenced Young to 100 months imprisonment followed by three years of supervised release.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. District Courts make factual findings by a preponderance of the evidence, and this Court reviews such factual findings for clear error. United States v. Fisher, 502 F.3d 293, 305 (3d Cir. 2007). We review the District Court's sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). In reviewing Young's sentence, first, we must determine that the District Court "committed no significant procedural error," such as "failing to consider the [18 U.S.C.] § 3553(a) factors . . . or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597; see United States v. Smalley, 517 F.3d 208, 214 (3d Cir. 2008). If the District Court's decision is procedurally sound, we then review the sentence for

3

substantive reasonableness under an abuse of discretion standard, "tak[ing] into account the totality of the circumstances." Gall, 128 S. Ct. at 597; see Smalley, 317 F.3d at 214.

In reviewing the sentence imposed by the District Court, while we "do not seek to second guess," we nevertheless must assure ourselves that it has given us an "explanation . . . sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)," United States v. Levinson, 543 F.3d 190, 196 (3d Cir. 2008), and that the District Court made an "individualized assessment based on the facts presented." Gall, 128 S. Ct. at 597; Levinson, 543 F.3d at 196. In addition, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 127 S. Ct. 2456, 2468 (2007).

III.

Young makes two arguments on appeal: (1) that the District Court erred when it found that he possessed a stolen handgun, a finding which gave him a two-level Guidelines enhancement; and (2) that the District Court erred when it discussed his argument that he should receive a departure and/or variance in this sentence because he suffered from poor conditions at the Passaic County Jail, only in the context of a departure analysis, and without discussing Young's individual experience at the jail.

4

To apply the two-level Guidelines enhancement in § 2K2.1(b)(4), the District Court must determine, by a preponderance of the evidence, that the gun was stolen. See Fisher, 502 F.3d at 305, 307 (sentencing judges find facts by a preponderance of the evidence and conduct relevant to sentencing enhancements must be proved by a preponderance of the evidence); United States v. Jones, 159 F.3d 969, 980 (6th Cir. 1998) (whether a firearm has been stolen is a factual finding).  In making its determination as to this fact, the Court is permitted to rely on evidence that might not be admissible at trial.  U.S.S.G. § 6A1.3 (a) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."); United States v. Brothers, 75 F.3d 845, 846 (3d Cir. 1996).

Young argues that the District Court erred when it determined that the gun he was caught with had been stolen because, while the gun he was caught with had the same serial number as a gun that was reported stolen, there is a "difference between a report that a gun was stolen and conclusive evidence verifying that the gun was, in fact stolen."  Appellant Br. at 5.  He contends that there is a "possibility that the gun came to New Jersey as part of the thriving illegal gun industry in North Carolina," and that "[a] gun bearing serial number IJ000842 could very well have been reported stolen as part of a greater gun trafficking conspiracy."  Id. at 17.

We find, however, that the District Court did not commit clear error when it found, by a preponderance of the evidence, that the gun was stolen. Young admitted that he was in possession of a "Iver Johns" Pony .380 caliber handgun with the serial number IJ000842. The District Court considered both a report from the Columbus County, North Carolina, Sheriff's Office and an ATF report stating that the gun was reported stolen. In so doing, the Court found that "[t]here is not the slightest indication . . . that there is any reason to challenge the veracity of the report made to the sheriff's office" and "there is no reason to believe that there is anything other than a legitimate report of a stolen weapon which was ultimately found in Mr. Young's possession." App. 21. See also United States v. Leekins, 493 F.3d 143, 149 (3d Cir. 2007) (citation and quotation marks omitted) (alterations in original) (explaining that while a police report is not "inherently reliable," it "also is not inherently unreliable" and a court must use the "general principle that the facts upon which a judge bases a sentence must have sufficient indicia of reliability to support [their] probable accuracy"). Indeed, Young produced no evidence to rebut the evidence that the gun was stolen. Accordingly, we conclude that the District Court did not commit clear error when it found that the gun was stolen, and the sentencing enhancement was thus proper.

Next, Young contends that the District Court erred when it addressed his argument that the prison conditions at the Passaic County Jail merited a variance or

6

departure from the Sentencing Guidelines in the context of a departure only, and that it further erred because it did not address his individual conditions at the jail.

District Courts apply a three step process to determine a defendant's sentence. Fisher, 502 F.3d at 307-08. First, the Court must "calculate a defendant's Guidelines sentence precisely as it would have before Booker." Id. at 308 (citation omitted). Second, the Court must "formally rule on the motions of both parties and state on the record whether it is granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force." Id. (citation omitted). Third, the Court is "required to exercise [its] discretion by considering the relevant [18 U.S.C.] § 3553(a) factors in setting the sentence [it] impose[s] regardless of whether it varies from the sentence calculated under the Guidelines." Id. (citation omitted).

Courts should "distinguish" between departures and variances, even though "a departure or a variance could, in the end, lead to the same outcome . . . ." United States v. Floyd, 499 F.3d 308, 311 (3d Cir. 2007). Young's pre-sentencing memorandum sought both a downward departure and a variance. At the sentencing hearing, the District Court discussed Young's jail conditions argument, noting:

> The Court is further satisfied that any request for a downward departure based upon his experience in the Passaic County Jail is likewise unwarranted. In short, as the government suggests, a large proportion of this court's criminal

pretrial detainees are maintained in the Passaic County Jail. Quite frankly, the court, along with other courts in this district, has had some problems with the way the Passaic County Jail system has in fact performed its duties with regard to a contract with the U.S. Marshals, but the Court is not satisfied that such a situation warrants any downward departure <u>or other considerations in terms of sentencing.</u> For these reasons the Court denies all the applications for downward departures or adjustments of pretrial evaluation by the Probation Department . . . .

App. 24-25 (emphasis added). We agree with the Government that the Court's finding that Young's experience in the Passaic County Jail did not warrant "other considerations in terms of sentencing" was "clearly a reference to variances." Gov't Br. at 27. Young's counsel apparently understood the Court's finding in this way insofar as she did not mention Young's jail experience in his argument regarding the application of the § 3553(a) factors. App. 25-27.

We have noted that although the district courts should take into account the arguments of the parties, this Court should "not be understood as requiring district courts to explicitly rule on every argument that may be advanced, if other aspects of the sentencing decision make a ruling implicit." <u>United States v. Goff</u>, 501 F.3d 250, 256 n.10 (3d Cir. 2007). Even if the District Court did not explicitly rule on or discuss Young's variance argument, we find that other aspects of its decision are sufficient to render its ruling – that a variance was "unwarranted" – implicit. App. 24.

Furthermore, although Young makes much of the fact that the District Court did not engage in an "individualized analysis" of the conditions that he faced at the jail, the

8

Court stated that it considered "his experience in the Passaic County Jail" when making its determination. App. 24. It is true that the District Court did not mention each argument that Young brought up as to his individual experience at the jail. The District Court's decision, however, was reasonable because it is "implicit" in what the Court said that it took his experience into account. Goff, 501 F.3d at 256 n.10. We will therefore affirm the sentence imposed by the District Court.

IV.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.