**ALFORD SHOY, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2010-0008

Supreme Court of the Virgin Islands

November 14, 2011

DAVID J. CATTIE, ESQ., Ogletree, Deakins, Nash, Smoak & Stewart, LLC, St. Thomas, USVI, *Attorney for Appellant*.

TERRYLN M. SMOCK, ESQ., Assistant Attorney General, Department of Justice, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(November 14, 2011)

SWAN, J. On December 30, 2009, Alford Shoy ("Shoy"), a firefighter with the local government, pled guilty to the crime of obtaining money by false pretense under title 14, section 834(1) of the Virgin Islands Code in exchange for the People of the Virgin Islands ("People") dismissing three other criminal charges against him in the same amended Information. Shoy importuned the trial court to sentence him pursuant to 5 V.I.C. § 3711(c), which is a special provision that allows for probation without conviction and for expunction of Shoy's criminal record. The trial court denied Shoy's request to be sentenced pursuant to section 3711(c). The trial court proceeded to sentence Shoy to one year of incarceration, all of which was suspended except four days, imposed a fine of $200, and placed him on supervised probation for a period of six months. This appeal ensued. For the reasons elucidated below, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

In January 2009, Shoy and George Johnson ("Johnson") were hired by Jovan Henry ("Henry") and Dwayne Matthias ("Matthias") to transfer ownership of a green, 1994 Ford Escape vehicle from Henry to Matthias. (J.A. at 26.) Henry had no valid driver's license at the time. (*Id.* at 27.) Upon receiving the information that Henry had no valid driver's license, Shoy altered the name on a driver's license belonging to Roy Henley ("Henley"), and executed a vehicle transfer form for the 1994 Ford Escape vehicle. (*Id.*) Thereafter, Shoy had Johnson notarize the requisite documents, including the vehicle's certificate of title and registration, in order to complete a transfer of ownership of the 1994 Ford Escape vehicle from Henry to Matthias. (*Id.*) Johnson's notary commission had expired approximately five years earlier in March 2004. Shoy knew that Johnson's commission had expired. (*Id.*) Shoy delivered to the Virgin Islands Bureau of Motor Vehicles ("BMV") all the documents necessary

921

to complete the formal transfer of ownership of the 1994 Ford Escape vehicle from Henry to Matthias. (*Id.*)

Thereafter, Shoy was charged in a four-count Second Amended Information[1] with the following: Count I, Filing or Recording Forged Instruments, in violation of title 14, section 795 of the Virgin Islands Code; Count II, Fraudulent Claims Upon the Government, in violation of title 14, section 843(3) of the Virgin Islands Code; Count III, Forgery, in violation of title 14, section 791(2) of the Virgin Islands Code; and, Count IV, Obtaining Money (Property) by False Pretense, in violation of title 14, section 834(1) of the Virgin Islands Code. (*Id.* at 45-46.) On June 4, 2009 an advice of rights hearing was held, and on June 11, 2009 Shoy was arraigned. (*Id.* at 8.) During arraignment Shoy entered a plea of not guilty and was granted pretrial release. (*Id.*) On December 30, 2009, and pursuant to a plea agreement he consummated with the People, a change of plea hearing was held during which Shoy pled guilty to Count IV of the Second Amended Information. (*Id.* at 10.)

Shoy's sentencing hearing was held on February 1, 2010. The record on appeal from the sentencing hearing includes character references on Shoy's behalf from six individuals, including three business professionals, two attorneys, and Shoy's mother. All six letters attest to Shoy's purportedly exemplary character and enviable work ethic. (*Id.* at 35-40.)

During the sentencing hearing, the People's counsel recommended to the trial court that Shoy be sentenced to serve a period of six months incarceration, all of which should be suspended, to serve three years of supervised probation, to perform four hundred hours of community service, to pay a $200.00 fine, and to the imposition of "a voluntary lifetime ban[] on providing third-party courier services to the public at the Bureau of Motor Vehicles." (*Id.* at 13-14.) Importantly, the People informed the trial court that, in another case, Shoy had testified favorably on behalf of the People. (*Id.* at 15.)

■ Also, Shoy's counsel made statements on Shoy's behalf. He emphasized the following: Shoy was 39 years of age at the time of sentencing, and he had no prior criminal record, which suggested that Shoy was a law abiding citizen. (*Id.* at 16-17.) Additionally, Shoy's

---

[1] The original Information was not included in the Joint Appendix.

counsel informed the trial court that Shoy has been employed by the Government of the Virgin Islands as a firefighter for the past ten years (*Id.* at 17), that Shoy had agreed to testify for the People in another case, and that Shoy has generally been cooperative with the People, after he had entered into the plea agreement. (*Id.*) Referring to a January 26, 2010 Unopposed Motion for 5 V.I.C. § 3711(c) Treatment, Shoy's counsel requested that his client be given a sentence of probation without conviction pursuant to title 5, section 3711(c) of the Virgin Islands Code:

> ATTORNEY CATTIE: . . . Mr. Shoy is the reason we have 3711(c). I don't think to put a stain on his record at this point would benefit anyone and the Government.
>
> Mr. Shoy has expressed that he regrets his actions in this case. There was no physical harm. Obviously no firearm was used in this case, Your Honor. We would just ask that the court impose a term of probation pursuant to 3711(c) and permit Mr. Shoy to have his record expunged and to move on with the life that he's lived with this one exception, Your Honor.

(*Id.* at 18.) Thereafter, Shoy made a statement which, in its entirety, comprised an apology to the trial court and to the territorial government. (*Id.* at 18-19.) Subsequently, the trial court announced its decision on Shoy's application for section 3711(c) treatment:

> THE COURT: . . . The [c]ourt has heard the recommendation that was consistent with the plea agreement by the Government. The [c]ourt has heard the allocution made by your attorney, Attorney Cattie. The [c]ourt has read the presentence report in this matter, and the [c]ourt has acknowledged that you have [pled] guilty, . . . and, evidently, you have cooperated with all the parties necessary. But the [c]ourt finds that the incident that gave rise to Count Four that you [pled] to was not just a single person who has been victimized.
>
> In looking at the presentence report the [c]ourt finds that there's a number of people that were victimized as a result of your activity in forging the particular license, that two people, evidently, are in possession of vehicles in which they did not, evidently, get legal title to. This Mr. Johnson also was used even though he knew that he didn't have the notary that had expired years before. As well as, I believe,

there was another individual. So, you know, sometimes your actions start involving one, two, three, four other people, and in that regard the [c]ourt can't trivialize what has occurred.

(*Id.* at 19-20.) The trial court proceeded to sentence Shoy to one year incarceration, with all but four days suspended. Shoy's sentence also included credit for time served in pre-trial incarceration, six months supervised probation, and the imposition of a fine, an administrative court fee and court costs. (*Id.* at 5-6.) However, the trial court denied Shoy's request for § 3711(c) treatment. On February 17, 2010, the trial court entered its Judgment and Commitment. (*Id.* at 3.) A timely appeal ensued. (J.A. at 1-2.)[2]

## II. ISSUES

The issues Shoy raises on appeal are twofold, namely:
1. whether the Superior Court erred in failing to impose 5 V.I.C. § 3711(c) treatment for Shoy where Shoy met all the statutory requirements for § 3711(c) (Appellant's Br. at 2.) and;
2. whether the Superior court arrived at its decision to deny § 3711(c) treatment after improperly considering allegations against Shoy that are unsupported in the record. (*Id.*)

## III. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this appeal pursuant to title 4, section 32(a) of the Virgin Islands Code which provides, in pertinent part, that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law".

If a defendant does not object to an issue or matter at the trial level, we will review the record only to assure plain error was not committed by the trial court. *Chinnery v. People*, S. Ct. Crim. No. 2009-0037, 2011 V.I. Supreme LEXIS 14, at *5 (V.I. May 27, 2011); *see also Virgin Islands v. Knight*, 989 F.2d 619, 630, 28 V.I. 249 (3d Cir. 1993). Findings of fact by

---

[2] At the time Shoy filed his notice of appeal, Supreme Court rules dictated that the notice of appeal must be filed within 14 days after the entry of a judgment or order. V.I.S.Ct. R. 5(b)(1). Shoy filed his notice of appeal on February 1, 2010, 16 days before entry of judgment. (J.A. at 1.) Notices of appeal filed after announcement of order but before entry of order are treated as if filed on the date of and after entry of order, and is considered timely filed. (*Id.*)

the trial court are generally reviewed for clear error. *Vazquez v. Vazquez*, 54 V.I. 485, 493 (V.I. 2010); *United States v. Coggins*, 986 F.2d 651, 654, 28 V.I. 241 (3d Cir. 1993). We review a court's application of a discretionary statute for abuse of discretion. *See Valentini v. Mitchell*, 962 F.2d 288, 298-99 (3d Cir. 1992) (review of denial of discretionary injunctive relief was for abuse of discretion). An abuse of discretion involves a finding of clearly erroneous fact, an errant conclusion of law, or an improper application of law to fact. *Id.* at 299; *see also People v. Ward*, S. Ct. Crim. No. 2011-0041, 2011 V.I. Supreme LEXIS 38, at *18 (V.I. Sept. 27, 2011). Issues of statutory interpretation are afforded plenary review. *Miller v. People*, 54 V.I. 398, 401 (V.I. 2010); *Creque v. Luis*, 803 F.2d 92, 93 (3d Cir. 1986).

## IV. DISCUSSION

■ Title 5, section 3711(c) of the Virgin Islands Code allows the trial court to impose probation without adjudicating the defendant guilty of a crime. 5 V.I. CODE ANN. § 3711(c). Section 3711(c) also entitles the defendant to expunction of the defendant's criminal record and offers other favorable treatment to defendants under its provisions. Shoy argues that he satisfied each element of § 3711(c); therefore, the trial court abused its discretion by rejecting his request to be sentenced in accordance with § 3711(c). Section 3711(c) provides:

(c) *Probation without conviction.*

(1) Upon finding of guilty or upon receipt of a verdict of guilty or plea of guilty wherein the alleged offense did not result in the personal injury or death of any person and where no deadly weapon was used in perpetrating the crime, *the court may*, without entering a judgment of guilty or accepting the plea and with the consent of the defendant, defer further proceedings and place the defendant on probation upon such terms and conditions as it may require; Provided, the accused has never been convicted of a misdemeanor or felony in this jurisdiction or under the laws of the United States, any state or territory thereof, or foreign jurisdiction. Upon fulfillment of the terms of probation the defendant shall be discharged without court adjudication of guilt, and an order shall be entered expunging the finding, verdict or plea of guilty and all records as defined in chapter 314 of this title as the case may be. Upon violation of the terms of probation the court may enter

an adjudication of guilt and proceed to impose a fine or imprisonment, or both as provided by law.

5 V.I.C. § 3711(c) (second emphasis added). Shoy asserts that the reasons upon which the trial court based its sentencing decision to deny his § 3711(c) request were unfounded. Importantly, Shoy failed to object to the trial court's findings of fact during the sentencing hearing; therefore, we will reverse the trial court's judgment only if we find that the trial court committed plain error in rejecting Shoy's request for § 3711(c) treatment. *See Chinnery*, 2011 V.I. Supreme LEXIS 14, at *5.

Although the trial court did not explicitly deny Shoy's request for § 3711(c) treatment, a denial can be reasonably assumed from the trial court's sentence of imposing one year of incarceration, with all but four days suspended. (*Id* at 20). Moreover, the trial court's sentence is incongruous with § 3711(c) treatment, thereby buttressing the conclusion that Shoy's request for § 3711(c) was rejected. The trial court elucidated that it considered all the mitigating circumstances in Shoy's case, including his cooperation with the People in other cases. (*Id* at 10.) Nevertheless, the trial court concluded that the mitigating circumstances offered by Shoy were insufficient, considering the magnitude of Shoy's criminal conduct; therefore, the trial court implicitly denied Shoy's request for § 3711(c) treatment by sentencing him to a period of incarceration.

Shoy asserts that the trial court's denial of § 3711(c) treatment constituted abuse of discretion because he satisfied all the statutory requirements for application of that provision. (see Appellant's Brief at 6.) We disagree.

■ In interpreting a statute, we commence with the plain language of the statute. If the language is clear and unambiguous, there is no need to resort to any other rule or statutory construction. *Dodd v. United States*, 545 U.S. 353, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005) (holding that when the statute's language is plain, the sole function of the Court, at least where the disposition required by the text is not absurd, is to enforce it according to its terms.) *Accord: Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009). *See also In re Adoption of Sherman*, 49 V.I. 452, 468 (V.I. 2008) ("In interpreting a statute, the court looks first to the statute's plain meaning and, if statutory language is facially unambiguous, its inquiry comes to an end") (internal quotation marks and citations omitted).

■ The United States Court of Appeals for the Third Circuit has held consistently that legislative intent is presumably expressed through ordinary meaning of the words it chose to use, and if the statutory language is unambiguous, the plain meaning of words is ordinarily regarded as conclusive. *Knight*, 989 F.2d at 633. *See also Lawrence v. City of Philadelphia*, 527 F.3d 299, 317 (3d Cir. 2008); *Biskupski v. Att'y Gen. of the United States*, 503 F.3d 274, 280 (3d Cir. 2007).

■ Importantly, the statutory language of § 3711(c) categorically states that *"the court may,"* immediately before the words describing the possibility of lenient treatment that a defendant could receive under § 3711(c). Significantly, the Virgin Islands Legislature eschewed the word "shall" when it promulgated § 3711(c). The use of the mandatory word "shall" normally serves to create an obligation impervious to judicial discretion. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 118 S. Ct. 956, 140 L. Ed. 2d 62 (1998). In contrast, the use of the permissive auxiliary verb "may" as opposed to "shall" strongly suggests a discretionary rather than a mandatory action. *Rastelli v. Warden, Metro. Correctional Center*, 782 F.2d 17, 23 (2d Cir. 1986).

■ Thus, the legislature's use of the word "may" confirms its intention that the application of § 3711(c) be exclusively within the discretion of the trial court. The fact that a defendant satisfies all the prerequisites of § 3711(c) does not command that the defendant has an automatic entitlement to the lenient treatment afforded by this provision. If the legislature had intended for § 3711(c) to have mandatory application upon compliance with the stated prerequisites, it would not have used the permissive term "may" in stating the conditions for operation of the statute.

■ Shoy cites to *United States v. Arrelucea-Zamudio*, 581 F.3d 142 (3d Cir. 2009) for the proposition that a "trial[] court's sentencing discretion is not unfettered and disparate sentences for similarly culpable defendants may violate such discretion[.]" (Appellant's Br. at 6.) However, Shoy has failed to present this Court with evidence of other defendants charged with similar crimes or otherwise similarly situated who were granted probation and deferred disposition pursuant to § 3711(c). Moreover, even if Shoy had provided such proof, § 3711(c) treatment was never intended to be mandatory. Rather, so long as the trial court's denial of the lenient procedures authorized by this statute was not an abuse of discretion, the trial court's decision to deny him § 3711(c) treatment must be upheld.

 Shoy also argues that the trial court "bas[ed] its sentencing decision on unsupported assertions" (Appellant's Br. at 6), and that the "Court offered no reason on record for finding that Shoy was not eligible for section 3711(c)" (*Id* at 7). The record discloses that the trial court did consider mitigating factors after Shoy requested § 3711(c) treatment. (J.A. 18-19.) However, after considering the facts and circumstances in this case, the trial court concluded that the purported mitigating factors offered by Shoy did not warrant favorable consideration. Although the trial court did not directly expound upon these mitigating factors when addressing Shoy's request that sentencing in the case be rendered under § 3711(c), the trial court discussed why these mitigating factors still warranted imposing a sentence that is inconsistent with § 3711(c) treatment. The Third Circuit has opined that, where the trial court failed to articulate on the record the reasons underlying the sentence it imposed, the reasons can be ascertained generally from the record. *United States v. Young*, 324 Fed. Appx. 165, 169 (3d. Cir. 2009) (finding that the reasonableness of District Court's denial of defendant's request for departure from sentencing guidelines was implicit in court's statements about jail conditions.); *see also Ascencio v. Ramirez*, 20 V.I. 508, 513, 36 B.R. 943 (D.V.I. App. Div. 1984) (finding that where there is evidence to support a conclusion either way, and the trial court decides to weigh the evidence more heavily for one party than the other, this does not make a finding clearly erroneous) (citing *Hadco Products, Inc. v. Frank Dini Co.*, 401 F.2d 462, 464 (3d Cir. 1968)). Under the clearly erroneous standard, a finding of fact may be reversed on appeal only if it is completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data. *See St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007).

More succinctly, the issue is not whether Shoy was eligible for § 3711(c) treatment; the issue is whether the trial judge abused her discretion in deciding not to impose sentence pursuant to that section. Shoy argues that the trial court erred when it concluded "that 1) more than one person was victimized, and that; 2) two people were in possession of vehicles to which they did not have legal title." (Appellant's Br. at 7.) Therefore, Shoy asserts that his due process rights were violated. (*Id.* at 9.) There is no direct support for a "third person" victim of the crime to which Shoy pled guilty or a third possessor of the vehicle. However, upon reviewing the scant trial record before us, there is reasonable support for

these findings. For instance, Henry sought Shoy's services in the illegal transfer of a vehicle to Matthias even though Henry had no valid driver's license to operate the vehicle. (J.A. at 26-27). Additionally, because Henry lacked legal title to the vehicle, he could not legally transfer the vehicle to Matthias as he attempted to do. Therefore, there was a sufficient evidentiary basis for the trial court to determine that Henry and Matthias were the individuals that were in "possession of vehicles in which they did not have legal title to." (*Id* at 19.)

Additionally, the trial court's finding of three or more victims of Shoy's crime was not unreasonable based upon the evidence before the court. The trial record discloses that Shoy attempted to alter the driver's license of Henley, who is a possible victim to Shoy's conduct. (*Id* at 27.) The trial record implies that the local community and the Bureau of Motor Vehicles (BMV) were victimized by Shoy's actions in that the Bureau's business record would be falsified. (*Id* at 26-27.) Specifically, a possible fraud was committed upon the BMV. When Shoy addressed the trial court, he apologized to the People, which confirms the contention that the government was also a victim of Shoy's crime. (*Id* at 18-19). Additionally, we cannot ignore that Johnson's notary services were used, even though Shoy had knowledge that Johnson's notary public commission had expired. (J.A. at 27.)

The trial record contains sufficient evidence to support the trial court's findings on why it rejected Shoy's application or motion for imposition of sentence pursuant to § 3711(c), with deferred action and imposition of probation. Furthermore, after considering Shoy's contention of alleged judicial error, any inaccuracies as to the exact number of victims of the crime and the number of persons in possession of the vehicle would constitute harmless error and would be insufficient to warrant reversal of the trial court's decision to reject Shoy's application for § 3711(c) treatment. Errors of fact are harmless when such errors are inconsequential in relation to every other factor considered on the issue, as revealed by the record. *See generally Turnbull v. Turnbull*, S. Ct. Civ. No. 2009-0092, 2011 V.I. Supreme LEXIS 4, at *11-12 n.5 (V.I. March 1, 2011) (Superior Court's failure to analyze particular facts was rendered harmless by other facts that were in the record which supported the same result); *Harris v. Garcia*, S. Ct. Civ. No. 2008-082, 2010 V.I. Supreme LEXIS 3, at *12 (V.I. Jan. 14, 2010) (where trial court denied a defendant's motion on mistaken ground, "[t]o determine if the error is

harmless, this Court considers whether the Superior Court could have properly denied [the] motion on the merits" based on the record). Accordingly, we reject Shoy's argument that alleged errors in the trial court's findings warrant a reversal of his sentence because neither the amount of victims of a crime nor the amount of persons in possession of the property are pertinent to sustaining a conviction for obtaining money or property by false pretenses. *See* 14 V.I.C. § 834.

## V. CONCLUSION

Although reasons for the Superior Court's denial of lenient sentencing treatment pursuant to § 3711(c) were not explicitly mentioned, the rationale for the denial can be reasonably gleaned from the record. Consequently, we conclude that the trial court had a sufficiently valid basis for denying Shoy's request to impose probation without conviction pursuant to title 5, section 3711(c) of the Virgin Islands Code. The trial court did not err and was well within its discretion to deny Shoy's request even though this defendant had satisfied the prerequisites for section 3711(c) treatment. Therefore, we affirm the Judgment of the trial court.