# WILLIAM KELLEY, Appellant/Plaintiff
## v.
# GOVERNMENT OF THE VIRGIN ISLANDS, OFFICE OF THE TAX ASSESSOR, Appellee/Defendant

S. Ct. Civil No. 2013-0012

Supreme Court of the Virgin Islands

September 17, 2013

JAMES M. DERR, ESQ., Law Offices of James M. Derr, St. Thomas, USVI, *Attorney for Appellant.*

KIMBERLY L. SALISBURY, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice;* CABRET, *Associate Justice;* and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(September 17, 2013)

CABRET, *Associate Justice.* William Kelley appeals the Superior Court's grant of summary judgment to the Virgin Islands Government, arguing that the court erred in holding that the six year statute of limitations applicable to civil actions does not apply to the Government's collection of delinquent property taxes. As the Government does not collect delinquent property taxes through "civil action" — as the Virgin Islands Code defines that term — the statute of limitations does not run against the Government's collection of property taxes. Accordingly, we affirm the Superior Court's grant of summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

William Kelley purchased a condominium in Estate Joseph and Rosendahl on St. Thomas and agreed to pay all the outstanding property taxes and penalties as part of a settlement agreement in an unrelated civil case in the United States District Court of the Virgin Islands. After the purchase, he obtained a report from the Office of the Tax Assessor showing delinquent taxes and penalties on the property from 1994 to 2007. Kelley attempted to pay the taxes for the previous six years only — 2002 to 2007 — and the outstanding penalties for only the previous two years — 2006 to 2007 — but the Government rejected this offer, requiring him to pay all of the delinquent taxes and penalties on the property in

743

order to obtain a tax clearance letter and record his deed. He paid the taxes and penalties — totaling $26,592.01 — under protest in three checks, two dated May 27, 2011, and one dated June 2, 2011.

Kelley then brought this action in the Superior Court on June 6, 2011,[1] arguing that the statute of limitations periods in 5 V.I.C. § 31 prevented the Government from collecting delinquent property taxes over six years old and penalties over two years old.[2] He argued that the Government's violation of section 31 resulted in $13,799.27 in overpaid taxes and $4,316.29 in overpaid penalties — totaling $18,115.56 — which he sought to have refunded.

The parties filed cross-motions for summary judgment in July 2011 on the sole issue of the application of the statute of limitations to the collection of delinquent property taxes and penalties. In his motion, Kelley relied heavily on cases interpreting 13 V.I.C. § 533 — the franchise tax statute — which have held that the Government is limited by 5 V.I.C. § 31 in enforcing this tax. On the other hand, the Government argued in its cross-motion for summary judgment that sovereign immunity prevented the statute of limitations from applying to the collection of property taxes and penalties, and that the cases interpreting 13 V.I.C. § 533 are distinguishable because section 533 specifically incorporates the statute of limitations while 33 V.I.C. § 2331 does not. On February 4, 2013, the Superior Court granted summary judgment to the Government, holding that because section 31 applies only to civil actions,

---

[1] V.I. CODE ANN. tit. 33, § 2522 provides that a "party paying the tax and public sewer system user fee under protest may, at any time within 60 days after making said payment, and not thereafter, sue the Lieutenant Governor for recovery of the amount paid in the court having competent jurisdiction." Kelley did not name the Lieutenant Governor in this suit as required by section 2522, instead naming the "Government of the Virgin Islands, Office of the Tax Assessor." (J.A. 14.) But the Office of the Tax Assessor is "attached to the office of the Lieutenant Governor and shall perform [its] functions and duties under the supervision and control of the Lieutenant Governor." 33 V.I.C. § 2363. Further, the Government raised no objection on this basis — either before the Superior Court or this Court — and thus the issue is waived. See V.I.S.CT.R. 22(m) ("Issues that were . . . not raised or objected to before the Superior Court[] . . . are deemed waived for purposes of appeal."); see also Brooks v. Gov't of the V.I., 58 V.I. 417, 428-29 (V.I. 2013) (holding that the failure to name the proper party in a court filing is not a jurisdictional defect).

[2] Despite including this claim in his complaint, and arguing it in his motion for summary judgment, Kelley does not argue in his appellate brief that the collection of penalties on delinquent property taxes is restricted by the two year statute of limitations in 5 V.I.C. § 31(5)(B). Therefore, this argument is waived. V.I.S.CT.R. 22(m).

and "[t]he collection of real property taxes is not contemplated to occur through initiation of a civil action filed in court," the limitations periods in section 31 do not apply. (J.A. 6-7.)

## II. JURISDICTION

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). The Superior Court's February 4, 2013 grant of summary judgment was a final judgment disposing of all matters in the case, *see Sealey-Christian v. Sunny Isle Shopping Ctr., Inc.*, 52 V.I. 410, 418 (V.I. 2009), and Kelley filed a timely notice of appeal on February 13, 2013. *See* V.I.S.Ct.R. 5(a)(1). Therefore, we have jurisdiction over this appeal.

## III. DISCUSSION

Kelley argues that the Superior Court erroneously interpreted 5 V.I.C. § 31 in a manner that was "extremely narrow and limited." (Appellant's Br. 5.) He asserts that because the "assessment of property is a quasi-judicial act," and "in taking action to collect delinquent taxes, . . . the Tax Assessor . . . perform[s] a function almost exactly analogous to the function performed by a court in foreclosure proceedings," the Government is limited by the statute of limitations. (Appellant's Br. 5-6.) This Court applies plenary review to the Superior Court's statutory interpretation. *Brady v. Gov't of the V.I.*, 57 V.I. 433, 438 (V.I. 2012) (citing *V.I. Pub. Serv. Comm'n v. V.I. Water & Power Auth.*, 49 V.I. 478, 483 (V.I. 2008)).

"The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning. If the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed." *Brady*, 57 V.I. at 441 (citing *Shoy v. People*, 55 V.I. 919, 926 (V.I. 2011)). Section 31 provides that "[c]ivil actions shall only be commenced within . . . [s]ix years . . . [in a]n action upon a liability created by statute, other than a penalty or forfeiture." 5 V.I.C. § 31(3)(B). Although section 31 itself does not define "civil action," this section appears in title 5, subtitle 1, which "applies to the suits of a civil nature whether cognizable as cases at law or in equity described in Rule 1 of the Federal Rules of Civil Procedure, and which are brought in one form of action known as 'civil action' pursuant to Rule 2

745

thereof." 5 V.I.C. § 1. These "suits of a civil nature . . . described in Rule 1" encompass "all civil actions and proceedings in the United States district courts." FED. R. CIV. P. 1. Because subtitle 1 applies only to "civil actions" as defined in Rule 1, the plain language of this statute indicates that it has no applicability to administrative actions occurring outside of Superior Court, as "the Federal Rules of Civil Procedure do not apply to administrative proceedings." *Kelly v. U.S. E.P.A.*, 203 F.3d 519, 523 (7th Cir. 2000); *see also Carter v. Com. Dept. of Transp., Bureau of Driver Licensing*, 700 A.2d 1069, 1070-71 (Pa. Commw. Ct. 1997) (holding that the statute of limitations applying to actions — defined by state law as "any action at law or in equity" — does not apply to administrative proceedings); *Bednarek v. Bednarek*, 430 N.W.2d 9, 12 (Minn. Ct. App. 1988) (holding that state statute of limitations applying only to "actions" does not apply in administrative proceedings).[3] And although the Office of the Tax Assessor may exercise quasi-judicial functions by issuing a "written notice of attachment" against delinquent property that "shall have the effect of a judgment," 33 V.I.C. § 2541, "the grant of limited judicial authority to an administrative agency does not transform the agency into a court for purposes of the statute of limitations." *Ocean Hill Joint Venture v. N.C. Dept. of Envir., Health & Nat. Resources*, 333 N.C. 318, 426 S.E.2d 274, 276 (1993).

 Kelley correctly notes that "statutes authorizing and regulating tax sales are strictly construed in favor of the owner of the land." (Appellant's Br. 8.) The cases Kelley cites, *Shree Ram Naya Sabha, Inc. v. Hendricks*, 19 V.I. 216 (D.V.I. 1982), and *Petersen v. Gov't of the V.I.*, 432 F. Supp. 486 (D.V.I. 1977), dealt with the Government's failure to comply with the notice requirements of title 33 before foreclosing on a property and selling it to collect delinquent taxes. *Hendricks*, 19 V.I. at 218-19; *Petersen*, 432 F. Supp. at 487-88. It was these notice requirements that

---

[3] Kelley relies heavily on *Bristol v. Washington County*, 177 U.S. 133, 147-48, 20 S. Ct. 585, 44 L. Ed. 701 (1900), in urging us to adopt a more liberal interpretation of these sections. In *Bristol*, the Supreme Court stated that "although statutes of limitation may in terms be applicable only to actions, they are to be construed liberally and applied to all proceedings that are analogous in their nature to actions." *Id.* at 147. But this language is a quote from *State v. Certain Lands in Redwood County*, 40 Minn. 512, 42 N.W. 473, 474 (1889), in which the Minnesota Supreme Court interpreted a local statute expressly applying to "actions when brought in the name of the state or in the name of any officer, or otherwise for the benefit of the state." *Id.* at 478. Because title 5, subtitle 1 does not include any such language, this case is distinguishable.

were strictly construed in the property owner's favor, rendering the challenged tax sales a nullity. But title 33 does not incorporate any time limitations on the Government's collection of delinquent property taxes. *See* 33 V.I.C. §§ 2491-2498. And so there is nothing for this Court to strictly construe in Kelley's favor.

■ Finally, Kelley argues that "sound policy reasons" support interpreting section 31 to apply against tax assessments. (Appellant's Br. 7-8.) While this may be the case, the Legislature apparently did not agree. The Legislature could have required the Office of the Tax Assessor to seek an enforcement order in Superior Court — as it requires of other administrative agencies, *see, e.g.*, 24 V.I.C. § 379(b) ("PERB may request the Superior Court . . . to enforce any order issued pursuant to its powers under this chapter") — but did not. Similarly, the Legislature could have expressly bound the Government by the statute of limitations in collecting property taxes — as it did for its collection of franchise taxes under 13 V.I.C. § 533(c)(2)[4] — and did not. The plain language of title 5, subtitle 1 prevents 5 V.I.C. § 31 from applying to administrative actions taken outside of court, and where a statute is unambiguous "it is not the function of this Court to substitute its judgment for that of the Legislature." *Brady*, 57 V.I. at 443-44. Consequently, the Superior Court did not err in granting summary judgment to the Government.[5]

## IV. CONCLUSION

■ Because the six year statute of limitations in 5 V.I.C. § 31(3)(B) encompasses only actions brought in Superior Court, and title 33 imposes no limitations period on the Government's collection of delinquent property taxes, the Superior Court did not err in granting the Government's cross-motion for summary judgment. Accordingly, we affirm the Superior Court's February 4, 2013 Order granting summary judgment to the Government.

---

[4] Section 533(c)(2) of title 13 provides in relevant part: "no domestic corporation shall be dissolved, and no foreign corporation shall have its authority to do business in the Territory revoked, for the nonpayment of franchise taxes which the Government is barred from recovering by the statute of limitations set out in Title 5, section 31, of this Code."

[5] Because we affirm on statutory interpretation grounds, we need not address the issues of sovereign immunity raised by the Government.