# DAVID M. LOPEZ, Appellant/Defendant
## v.
# PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff

S. Ct. Criminal No. 2013-0060
Supreme Court of the Virgin Islands
February 7, 2014

SCOT F. MCCHAIN, ESQ., ILP + McChain Miller Nissman, St. Croix, USVI, *Attorney for Appellant.*

TIFFANY V. MONROSE, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(February 7, 2014)

SWAN, *Associate Justice.* Appellant, David Lopez, appeals the Superior Court's denial of his request for the application of 5 V.I.C. § 3711(c) to his sentence, following his conviction for Failure to Report Firearms Obtained Outside or Brought Into the Virgin Islands in violation of 23 V.I.C. § 470(a). For the reasons elucidated below, we remand this case for further consideration of the sentence by the trial judge in accordance with this Opinion.

## I. FACTS AND PROCEDURAL HISTORY

On September 24, 2012, Lopez and his family had dinner at the Le Reine Chicken Shack Restaurant on St. Croix. (J.A. 11.) Upon arriving, Lopez realized that his father-in-law's firearm was in the pick-up truck which he had driven to the restaurant. (J.A. 12.) Lopez holstered the firearm to his person and proceeded to dine with his family. (*Id.*) Over the course of the evening, the weapon became exposed, and staff members of the restaurant alerted police officers who were also dining at the restaurant about the firearm. (*Id.*) Lopez cooperated with the police and was arrested and formally charged in an Information. (*Id.*) On April 23, 2013, Lopez pled guilty to Failure to Report Firearms Obtained Outside or Brought Into the Virgin Islands pursuant to a plea agreement with the People. (J.A. 24.) The Superior Court rejected Lopez's request to apply the beneficial provisions of 5 V.I.C. § 3711(c) and sentenced Lopez to two years of

incarceration, all suspended, a fine of $5,000.00, and two years of supervised probation. (J.A. 4, 25.) This appeal ensued.

## II. JURISDICTION

Title 4, section 32(a) of the Virgin Islands Code states that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." A final order ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment. *Ramirez v. People*, 56 V.I. 409, 416 (V.I. 2012) (citing *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008)); *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996). It is well established that, in a criminal case, a written order or judgment embodying the adjudication is a final judgment from which an appeal lies under 4 V.I.C. § 32(a). *Williams v. People*, 58 V.I. 341, 345 (V.I. 2013) (explaining that this principle has been stated "in virtually every criminal case that has come before [the Court] on appeal"). The Superior Court entered its Judgment and Sentence on July 16, 2013. Lopez timely filed his Notice of Appeal on August 1, 2013. Therefore, we have jurisdiction over Lopez's appeal.

## III. STANDARD OF REVIEW

The standard of review for this Court's examination of the trial court's application of law is plenary and its findings of facts are reviewed for clear error. *Rodriguez v. Bureau of Corr.*, 58 V.I. 367, 371 (V.I. 2011); *Blyden v. People*, 53 V.I. 637, 646-47 (V.I. 2010); *Pell v. E.I. DuPont de Nemours & Co. Inc.*, 539 F.3d 292, 300 (3d Cir. 2008). We review the trial court's application of a discretionary statute for an abuse of discretion. *Shoy v. People*, 55 V.I. 919, 925 (V.I. 2011). "An abuse of discretion involves a finding of clearly erroneous fact, an errant conclusion of law, or an improper application of law to fact." *Id.* Issues of statutory interpretation are given plenary review. *Id.*

## IV. DISCUSSION

### A. The Superior Court erred in its interpretation of 5 V.I.C. § 3711(c).

Lopez argues that the trial court erred when it denied him the benefit of 5 V.I.C. § 3711(c). Specifically, Lopez asserts that the trial court's decision not to apply § 3711(c) because his conviction was ineligible for

§ 3711(c) application was an erroneous conclusion of law. Title 5 of the V.I.C. § 3711(c) in pertinent part states:

> (1) Upon finding of guilty or upon receipt of a verdict of guilty or plea of guilty wherein the alleged offense did not result in the personal injury or death of any person and *where no deadly weapon was used in perpetrating the crime*, the court may, without entering a judgment of guilty or accepting the plea and with the consent of the defendant, defer further proceedings and place the defendant on probation upon such terms and conditions as it may require; Provided, the accused has never been convicted of a misdemeanor or felony in this jurisdiction or under the laws of the United States, any state or territory thereof, or foreign jurisdiction. Upon fulfillment of the terms of probation the defendant shall be discharged without court adjudication of guilt, and an order shall be entered expunging the finding, verdict or plea of guilty and all records as defined in chapter 314 of this title as the case may be. Upon violation of the terms of probation the court may enter an adjudication of guilt and proceed to impose a fine or imprisonment, or both as provided by law.

> (2) A defendant sentenced under this subsection may also be ordered to make restitution to the victim of the crime, for any money or property loss or compensation for actual monetary damages directly resulting from the crime, either as a condition of probation or as an order joined with the sentence. If restitution is not paid as ordered, a civil judgment may be entered for the unpaid amount.

5 V.I.C. § 3711(c) (emphasis added).

■ The trial court's determination that Lopez's conviction disqualifies him from § 3711(c) treatment because of the "use of a deadly weapon" exclusion under this provision was an improper conclusion. When construing a statute, "we first examine the plain language of the statute under the assumption that the legislature's intent is manifest through the ordinary meaning of the words chosen." *Sonson v. People*, 59 V.I. 590, 598 (V.I. 2013). If the language of a statute is clear and unambiguous, the court need not consider any other rule of statutory construction. *Shoy*, 55 V.I. at 926 (citing *Dodd v. United States*, 545 U.S. 353, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005)). Further, "when interpreting a statute that features as elastic a word as 'use,' we construe language in its context and

in light of the terms surrounding it." *Leocal v. Ashcroft*, 543 U.S. 1, 9, 125 S. Ct. 377, 160 L. Ed. 2d 271 (2004) (citing *Smith v. United States*, 508 U.S. 223, 229, 113 S. Ct. 2050, 124 L. Ed. 2d 138 (1993)).

Title 23, § 470(a) of the Virgin Islands Code states,

> Any person other than a licensed dealer, who purchases or otherwise obtains any firearms or ammunition from any source within or outside of the Virgin Islands shall report such fact in writing or in person to the Commissioner immediately after receipt of the firearm or ammunition, furnishing a complete description of the firearm or ammunition purchased or otherwise obtained. He shall also furnish his own name, address, date of birth and occupation.

██ Section 470(a) seeks to punish a person who fails to report the possession of an unlicensed firearm, and not the use of the firearm. The Supreme Court in *Bailey v. United States*, stated that " 'use' requires active employment." *Leocal*, 543 U.S. at 9 (citing *Bailey v. United States*, 516 U.S. 137, 145, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995)). Further, Black's Law Dictionary defines use as "[t]he application or employment of something." BLACK'S LAW DICTIONARY 1681 (9th ed. 2009). Considering the plain language of § 470(a) and applying these definitions it is obvious that usage of the weapon is not required for a conviction. The "use" of a firearm requires the utilization of the firearm in some activity or employing it to achieve or complete an objective. The deadly weapon referred to in § 3711(c) must be put in service or used in an activity for which it was manufactured. Here, Lopez simply failed to report the firearm to the Commissioner, and it was not utilized or used in any overt or manifest action.

Regarding the application of § 3711(c), the trial court said, "It's sort of like a chicken with the egg. If you didn't have a deadly weapon you won't have anything to report, so you have to have a firearm to have an obligation to report it." (J.A. 23.) The trial court's analogy would be applicable if the statute under which Lopez was charged focused on usage of the weapon and not simple possession as the statute does. For this reason, we find that the trial court did abuse its discretion by making this errant conclusion of law.

## B. 5 V.I.C. § 3711(c) does not have mandatory application for qualified defendants.

■ Lopez asserts that because he qualifies for the favorable treatment options provided by §3711(c), they should be applied to his conviction. This Court has extensively discussed the statutory meaning of this provision and has conducted plain language review of 5 V.I.C. § 3711(c) in *Shoy v. People*, 55 V.I. 919 (V.I. 2011). In *Shoy*, this Court held that § 3711(c) is a discretionary statute. Specifically, we stated, "[t]he fact that a defendant satisfies all the prerequisites of § 3711(c) does not command that the defendant has an automatic entitlement to the lenient treatment afforded by this provision." 55 V.I. at 927. Further, we stated, "so long as the trial court's denial of the lenient procedures authorized by this statute was not an abuse of discretion, the trial court's decision to deny him § 3711(c) treatment must be upheld." *Id.* However, for the reasons explained above, we conclude the trial court's decision that Lopez's conviction did not qualify for § 3711(c) treatment is an abuse of discretion.

## V. CONCLUSION

Accordingly, we remand this matter to the lower court for a determination on the application of § 3711(c) to Lopez's conviction, which shall be done within the trial court's discretion.